Brown, Attorney General, Appellant, *v.* Town & Country Auto Sales, Inc., Appellee.

(No. 33510—Decided December 12, 1974.)

*Mr. Robert H. Olson, Jr.,* for appellant.
*Mr. Leonard B. Scharfield,* for appellee.

JACKSON, J. On March 22, 1973, William J. Brown, the Attorney General of Ohio, filed a complaint against Town and Country Auto Sales, Inc. The complaint alleged that the defendant corporation, by rolling back the odometers on used cars and selling them without revealing the correct mileage, had violated various provisions of the Ohio Consumer Sales Practices Act, R. C. Chapter 1345.

The Attorney General requested that the Common Pleas Court of Cuyahoga County grant the following relief:

"1. Issue a temporary restraining order and a preliminary and permanent injunction enjoining defendant, Town and Country and its agents, servants, employees, representatives, and all persons in active concert and participation with them from:

"(a) engaging in any act which will result in any way in the modification, alteration or tampering of the odometer of any vehicles for sale, lease, or other exchange to the general public;

"(b) selling, leasing or trading to a consumer a car without revealing the correct mileage of the car if different from that indicated on the odometer.

"2. Issue a declaratory judgment making deceptive and unconscionable under the Ohio Consumer Sales Practices Act any tampering, modifying, or alteration of the odometer of any vehicle.

"3 Grant plaintiff its costs in bringing this action.

"4. Grant such other and further relief as justice and equity require."

The trial court issued the temporary restraining order and later the preliminary injunction pending trial requested by plaintiff.

On October 4, 1973, while the original cause was still waiting trial, the Attorney General filed a motion requesting additional relief in the form of a court order requiring defendant to reimburse all consumers who had suffered economic loss by reason of defendant's deceptive acts. The motion also requested that the court appoint a master to supervise the reimbursement process.

Defendant moved for a dismissal of this entire action based on the failure of the plaintiff to comply with a clause contained in R. C. 1345.06 requiring the attorney general to request written assurance of voluntary compliance at least thirty days prior to filing suit against an alleged violator of the Consumer Sales Practices Act.

Following a hearing held on January 28, 1974, the trial court granted defendant's motion to dismiss all claims for relief except the claim requesting a permanent injunction. The court then issued a permanent injunction in substantially the same form requested in plaintiff's complaint. The plaintiff Attorney General appeals from that part of the trial court's judgment denying reimbursement to damaged consumers, and further denying the requested declaratory judgment.

For the reasons discussed below, we affirm the judgment of the trial court.

R. C. 1345.06 empowers the Attorney General of Ohio upon the request of the Director of Commerce, to investigate alleged violations of the Consumer Sales Practices Act. The final paragraph of R. C. 1345.06 provides as follows:

"The attorney general may terminate an investigation under this section upon acceptance of a written assurance of voluntary compliance from a supplier suspected of violation. Unless there is reason to believe that the supplier has or is about to remove himself or any of his property from the state, the attorney general shall request such an assurance from the supplier, in writing, at least thirty days prior to commencing an action under Section 1345.07 of the Revised Code. Where an injunction is the only relief sought, such thirty-day period does not apply. Accep-

tance of an assurance may be conditioned upon an undertaking to reimburse or to take other appropriate corrective action with respect to identifiable consumers damaged by an alleged violation of Sections 1345.01 to 1345.13 of the Revised Code. An assurance of compliance given by a supplier is not evidence of violation of such sections.''

The authority for filing a declaratory judgment action proclaiming that a particular act or practice violates the standards established in the Consumer Sales Practices Act is granted to the attorney general in subsection (A) (1) of R. C. 1345.07.* Subsection (B) of R. C. 1345.07 em-

---

*The full text of R. C. 1345.07 reads as follows:

"§1345.07 Declaratory and injunctive relief; class actions; statute of limitations; consent judgments.

"(A) The attorney general may, and in consumer transaction cases referred to him by the director of commerce, shall:

"(1) Bring an action to obtain a declaratory judgment that an act or practice violates section 1345.02 or 1345.03 of the Revised Code, or to enjoin a supplier who is violating or threatening to violate such sections. On motion of the attorney general, or on its own motion, the court may impose a penalty of not more than five thousand dollars for each day of violation of a temporary or permanent injunction issued under this section.

"(2) Bring a class action under Civil Rule 23, as amended, on behalf of consumer~ who have engaged in consumer transactions in this state for damage caused by:

"(a) An act or practice enumerated in division (B) or (C) of section 1345.02 of the Revised Code;

"(b) Violation of a rule adopted under division (B) (2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based;

"(c) An act or practice determined by a court of this state to violate section 1345.02 or 1345.03 of the Revised Code and committed after the decision containing such determination has been made available for public inspection under division (A) (3) of section 1345.05 of the Revised Code.

"(B) On motion of the attorney general and without bond, in the attorney general's action under this section, the court may make appropriate orders, including appointment of a master or a receiver, for sequestration of assets, to reimburse consumers found to have been damaged, to carry out a transaction in accordance with a consumer's reasonable expectations, to strike or limit the application of unconscionable clauses of contracts so as to avoid an unconscionable result,

powers a court, upon motion of the attorney general, to, *inter alia*, appoint masters and reimburse consumers who suffer damage from such unlawful practices.

Thus, the relief sought by plaintiff and denied by the court below was based on actions brought pursuant to R. C. 1345.07. But R. C. 1345.06 in clear, unambiguous, mandatory language requires that the attorney general shall, at least thirty days prior to filing a lawsuit under R. C. 1345.07, request written assurance of voluntary compliance on the part of the supplier. The statute permits a solitary exception to this rule. Where an injunction is the only relief sought, the attorney general may file suit without having first requested written assurance of voluntary compliance.

The Attorney General concedes that the lawsuit filed in this case was not preceded by the thirty-day request for voluntary compliance. The Attorney General did send a letter to defendant after filing suit. The letter, dated March 23, 1973, the day after the suit was filed, informed the defendant of the pending litigation and requested written

---

or to grant other appropriate relief. The court may assess the expenses of a master or receiver against the supplier.

"(C) Any moneys or property recovered by the attorney general in an action under this section that cannot with due diligence within five years be restored to consumers shall be unclaimed funds reportable under Chapter 169. of the Revised Code.

"(D) No action may be brought by the attorney general under this section to recover for a transaction more than two years after the occurrence of a violation.

"(E) If a court determines that provision has been made for reimbursement or other appropriate corrective action, insofar as practicable, with respect to all consumers damaged by a violation, or in any other appropriate case, the attorney general, with court approval, may terminate enforcement proceedings brought by him upon acceptance of an assurance from the supplier of voluntary compliance with sections 1345.01 to 1345.13 of the Revised Code, with respect to the alleged violation. The assurance shall be filed with the court and entered as a consent judgment. Except as provided in division (A) of Section 1345.10 of the Revised Code, a consent judgment is not evidence of prior violation of such sections. Disregard of the terms of a consent judgment entered upon an assurance shall be treated as a violation of an injunction issued under this section."

assurance within thirty days that defendant would take appropriate corrective action with respect to identifiable consumers damaged by the violations alleged in the complaint.

The appellant argues that this court must give a "liberal" or "pro-consumers" construction to the Consumer Sales Practices Act. This interpretation of the Act would permit the attorney general to first file suit seeking an injunction and declaratory judgment against an alleged violator and subsequently request written assurance of voluntary compliance. If the voluntary compliance was not forthcoming within thirty days, the attorney general would file a motion requesting additional relief, such as the motion for reimbursement filed in the instant case.

The Attorney General contends that the original complaint may contain a request for both an injunction and a declaratory judgment because there is no difference between an injunction and a declaratory judgment for the purposes of R. C. 1345.06. This argument is rejected. In addition to the obvious differences between an injunction and a declaratory judgment, various provisions of the Consumer Sales Practices Act indicate a legislative intent to treat the two remedies separately. For example, R. C. 1345.-07(A)(1) permits a court to impose a penalty of up to $5,000 for each day of violation of a temporary or permanent injunction. R. C. 1345.09(B) gives a consumer the right to file either an individual or a class action against a supplier who has committed an act or practice declared by a court to violate Sections 1345.02 or 1345.03 of the Revised Code.

Consequently, this "interpretation" of the Consumer Practices Act proposed by the Attorney General contravenes the plain language of R. C. 1345.06 requiring the attorney general to request written assurance of voluntary compliance at least thirty days prior to filing suit for other than injunctive relief. By requiring the attorney general to seek voluntary compliance prior to filing suit, the legislature has expressed an intent to have consumer complaints settled out of court where possible. This legislative prefer-

ence for voluntary rather than court-ordered compliance would be effectively reversed under the Attorney General's version of the Consumer Sales Practices Act.

The version of R. C. 1345.06 proposed by the Attorney General does have appeal as sensible consumer legislation. But, adoption of this version of the Consumer Sales Practices Act would require an act of the state legislature.

Having determined that the pertinent language of R. C. 1345.06 is clear, unambiguous and mandatory, this court may not, under the guise of interpretation or construction, engage in the judicial legislation required to sustain the attorney general's position. *State, ex rel. Maher, v. Baker* (1913), 88 Ohio St. 165, 172; *Adamski v. Bureau of Unemployment Comp.* (1959), 108 Ohio App. 198. An unambiguous statute is to be applied, not interpreted. *Sears v. Weimer* (1944), 143 Ohio St. 312.

We accordingly hold that the trial court properly dismissed that part of the complaint whereby the attorney general sought other than injunctive relief. The judgment of the trial court is accordingly affirmed.

*Judgment affirmed.*

KRENZLER, P. J., and MANOS, J., concur.