Bar Association of Greater Cleveland *v.* Sandler.

[Cite as Bar Assn. of Greater Cleveland v. Sandler (1977), 51 Ohio St. 2d 132.]

(D. D. No. 77-4—Decided July 20, 1977.)

*Mr. John E. Martindale, Mr. Jed Weisman* and *Mr. Michael T. McMenamin,* for relator.

*Gold, Rotatori, Messerman & Schwartz Co., L. P. A.,* and *Mr. Gerald A. Messerman,* for respondent.

*Per Curiam.* The board found the presented evidence conclusively demonstrated that respondent knowingly took part, for a fee, in a scheme to defraud by an attempt to sell back to the true owner or insurer a truck known by him to be stolen property.

DR 1-102(A) admonishes, *inter alia:*

"A lawyer shall not:

"* * *

"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

"(5) Engage in conduct that is prejudicial to the administration of justice.

"(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

DR 7-102(A) cautions, *inter alia*:

"In his representation of a client, a lawyer shall not:

"* * *

"(7) Counsel or assist his client in conduct that the lawyer knows to be illegal or fraudulent.

"(8) Knowingly engage in other illegal conduct or conduct contrary to a Disciplinary Rule."

This court, upon examination of the evidence, agrees with the commission's finding that respondent's improper involvement was violative of the Code of Professional Responsibility. We disagree with the board's recommendation as to the appropriate disciplinary action.

The judgment of this court is that respondent be given a public reprimand for his violations of the Code of Professional Responsibility.

*Judgment accordingly.*

W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.