Bar Association of Greater Cleveland *v.* Zaffiro.

[Cite as Bar Assn. v. Zaffiro (1980), 61 Ohio St. 2d   69.]

(D. D. No. 79-17—Decided January 23, 1980.)

*Mr. Marvin L. Karp, Mr. Joseph C. Domiano* and *Mr. Joseph A. Dubyak,* for relator.

*Gold, Rotatori, Messerman & Schwartz Co., L.P.A.,* and *Mr. Gerald S. Gold,* for respondent.

*Per Curiam.* "One of the fundamental tenets of the professional responsibility of a lawyer is that he should maintain a degree of personal and professional integrity that meets the highest standard. The integrity of the profession can be maintained only if the conduct of the individual attorney is above reproach. He should refrain from any illegal conduct. Anything short of this lessens public confidence in the legal

profession—because obedience to the law exemplifies respect for the law." *Cleveland Bar Assn.* v. *Stein* (1972), 29 Ohio St. 2d 77, 81.

DR 1-102, in part, reads as follows:

"(A) A lawyer shall not:

"* * *

"(5) Engage in conduct that is prejudicial to the administration of justice."

Here the facts show that respondent had known Dr. Zarzar for about eight or ten years and that Dr. Zarzar had referred clients to the respondent, and that among these clients were those who had submitted certain false claims for medical disability payments under the Workers' Compensation Act.

The facts further show that the respondent removed the legal counsel authorization cards from the files of those individuals whose claims were fabricated. This action is claimed to have been impetuous by the respondent and not an action which would warrant the imposition of the sanction of indefinite suspension as was recommended by the board. However, respondent was no neophyte to the workings of the Bureau of Workers' Compensation, having been employed there previously as an investigator for a number of years. Also, respondent was, at the time of this hearing, specializing in workers' compensation cases.

The record further shows that respondent had been referred workers' compensation cases by one Bucky Berman who was the central figure in a large scandal involving false workers' compensation claims in the Cuyahoga County area.

In view of the totality of the evidence presented here, we find that the board was well within its province in determining that respondent was guilty of violating DR 1-102(A)(5) and Canon 1 of the Code of Professional Responsibility.

We, therefore, concur in the recommendation of the board, and hereby indefinitely suspend respondent, Carl J. Zaffiro, from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SHANNON, SWEENEY and HOLMES, JJ., concur.

SHANNON, J., of the First Appellate District, sitting for
P. BROWN, J.

LOCHER, J., dissenting. In my opinion, the punishment
meted out to the respondent should be a public reprimand.
This case differs in considerable measure from *Bar Assn.* v.
*Cassaro* (1980), 61 Ohio St. 2d 62, which involves a similar
setting and heard one day prior to the cause at bar.

I have joined with my colleagues in calling for a suspen-
sion in *Cassaro,* but yet feel that the respondent, at bar, does
not merit suspension.

In the instant cause, upon learning that his clients were
not bona fide claimants, the respondent immediately tried to
withdraw his name from the workers' compensation files. On-
ly the manner in which he tried to remove his name was im-
proper. The respondent's sole involvement in the fraud
perpetrated by Mr. Berman was that he *unknowingly* filed an
improper claim.

In *Cassaro,* the respondent actually destroyed his files
and further removed the "name tags" which were attached
to the workers' compensation files. Furthermore, the re-
spondent, in *Cassaro,* was also involved in fraudulent per-
sonal injury actions with Mr. and Mrs. Berman, the same in-
dividuals who initiated the workers' compensation fraud.

Additionally, the two cases also differ as to the findings
of a violation. In the instant cause, the respondent was found
to be in violation of DR 1-102(A)(5) only. Whereas, in
*Cassaro,* the respondent was found to be in violation of DR
1-102(A)(3), (4), (5) and (6) and 7-102(B)(1) and (2).*

---

* Note the nature and extent of the sections violated by Cassaro as compared to
the respondent in the instant cause.

DR 1-102(A)(3), (4), (5) and (6) reads:

"(A) A lawyer shall not:

"* * *

"(3) Engage in illegal conduct involving moral turpitude.

"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresenta-
tion.

"(5) Engage in conduct that is prejudicial to the administration of justice.

"(6) Engage in any other conduct that adversely reflects on his fitness to prac-
tice law."

DR 7-102(B)(1) and (2) reads as follows:

"(B) A lawyer who receives information clearly establishing that:

I understand that all disciplinary actions must be viewed on a case by case basis, but there are other instances in which the respondents, in my opinion, committed graver acts and yet received only a public reprimand. See *Bar Assn. of Greater Cleveland* v. *Sandler* (1977), 51 Ohio St. 2d 132.

The present case does not demonstrate a series of continuing consciousness of improper acts and deeds; rather it was one isolated momentary lapse which should not result in an indefinite suspension. It is submitted that such acts as presented at bar merit at most only a public reprimand.

---

"(1) His client has, in the course of the representation, perpetrated a fraud upon a person or tribunal, shall promptly call upon his client to rectify the same, and if his client refuses or is unable to do so, he shall reveal the fraud to the affected person or tribunal.

"(2) A person other than his client has perpetrated a fraud upon a tribunal shall promptly reveal the fraud to the tribunal."