**McNea v. Cleveland**
*[Cite as 8 AOA 361]*

*Case No. 59698*
*Cuyahoga County, (8th)*
*Decided November 21, 1990*

*David C. Eisler, 700 Marion Building, Cleveland, Ohio 44113, for Plaintiff-Appellee.*

*Harold C. Reeder, Assistant Law Director, City of Cleveland, Room 106, City Hall, 601 Lakeside Avenue, Cleveland, Ohio 44114, for Defendants-Appellants.*

MATIA, J.

Defendants-appellants, City of Cleveland, George V. Voinovich and Mitchell J. Brown, appeal from the judgment of the Cuyahoga County Court of Common Pleas which found that the plaintiff-appellee, William J. McNea, was a classified civil servant and improperly removed from his tenure as Secretary of Police without benefit of a hearing. The appeal is well taken. On September 11, 1984, the appellee was appointed to the position of Secretary of Police by the Safety Director of the City of Cleveland.

On February 11, 1988, the appellee was involved in a traffic accident in the City of Cleveland at the corner of West 117 Street and Interstate 90. No traffic citations were issued to the appellant on the date of the accident. On June 1, 1988, the appellee was served with two traffic citations:

1) driving while intoxicated; and 2) running a red light. On June 2, 1988, the appellee was suspended from his duties as Secretary of Police and returned to the rank of patrolman with the Cleveland Police Division.

On May 30, 1989, the appellee filed a complaint within the Cuyahoga County Court of Common Pleas. The appellee alleged in his complaint that the position of the Secretary of Police was a classified service position. The appellee further alleged that his suspension from the position of Secretary of Police was effected without benefit of a hearing as mandated by the City of Cleveland Charter and the Civil Service Rules. The appellee sought reinstatement to the position of Secretary of Police, recovery of lost wages and benefits, and compensatory damages.

On July 6, 1989, the appellants filed a motion to dismiss premised upon Civ. R. 12(B) (6) which involved the failure to state a claim upon which relief could be granted. The appellants' motion to dismiss argued - that the position of Secretary of Police was not a classified civil service position and thus the appellant was not entitled to a hearing upon suspension. In addition, the appellants argued that the appellee possessed no property interest in continued employment as the Secretary of Police and thus the appellant could be summarily dismissed without the benefit of a hearing. On October 20, 1989, the trial court denied the appellants' motion to dismiss.

On November 7, 1989, the appellee filed a motion for summary judgment with regard to whether the position of Secretary of Police was a classified civil service position. The appellee argued that the trial court's denial of the appellants' motion to dismiss automatically resulted in the finding that the position of Secretary of Police was a classified civil service position in which the appellee possessed a property interest and required a hearing prior to discharge, suspension or demotion. On March 27, 1990, the trial court granted the appellee's motion for summary judgment on the basis that the appellee was a civil servant and entitled to a hearing prior to suspension. The trial court further held that its judgment on the appellee's motion for partial summary judgment was final pursuant to Civ. R. 54(B) (no just reason for delay).

Thereafter, the appellants timely brought the instant appeal from the judgment of the trial court which granted the appellee's motion for summary judgment.

I.

The appellants' first assignment of error is that:

"THE COMMON PLEAS COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE MC NEA DID NOT HAVE A PROPERTY INTEREST IN THE POSITION OF SECRETARY OF POLICE AND, THEREFORE, THE REQUIREMENTS OF PROCEDURAL DUE PROCESS, INCLUDING THE RIGHT TO A HEARING, DID NOT APPLY."

The appellants, in their first assignment of error, argue that the trial court erred in granting the appellee's motion for summary judgment on the issue of whether the appellee was a classified civil servant. Specifically, the appellants argue that the position of Secretary of Police was not a classified civil service position and thus the appellee was not entitled to summary judgment as a matter of law.

This assignment of error is well taken.

Civ. R. 56(C), which deals with the grant or denial of a motion for summary judgment, provides that:

"(C) Motion and proceedings thereon. The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only there from, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

Thus, a Civ. R. 56(C) motion for summary judgment can only be granted when the following can be positively determined:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327."

Herein, this court is concerned with the issue of whether the position of Secretary of Police was a classified civil service position and whether any genuine issues of material fact existed for the trier of fact.

Sections 3 and 7 of Article XVIII of the Ohio Constitution provide the power of local self-government to a chartered municipality such as the city of Cleveland. This home-rule authority, as granted to the city of Cleveland, extends to the area of civil service which is ordinarily governed by state statutes as found in R.C. Chapter 124.

In addition, charter provisions and rules promulgated pursuant to the home-rule authority of the Ohio Constitution, which deal with civil service employment and discipline, will prevail over conflicting state civil service provisions. *State ex rel. Bardo v. Lyndhurst* (1988), 37 Ohio St. 3d 106; *Burk v. City of Cleveland* (December 22, 1988), Cuyahoga App. No. 54818, unreported; *State v. Personnel Bd. of Review v. Bay Village Civil Service Comm.* (January 19, 1986), Cuyahoga App. No. 49919, unreported. Thus, the civil service laws as codified within R.C. Chapter 124 will apply to a civil servant where a city's charter provisions are silent or where the city charter has adopted the language of the particular state statute. It should also be noted that express city charter provisions will prevail over conflicting state civil service provisions. *State Personnel Bd. of Review v. Bay Village Civil Service Commission, supra.*

In the case *sub judice,* the city of Cleveland has adopted the Cleveland City Charter which in turn provides for the regulation of civil servants employed by the city of Cleveland. Section 126 of the Cleveland City Charter creates two classes of civil servants: 1) unclassified civil servants and 2) classified civil servants. Section 126 of the Cleveland City Charter, which defines the classes of unclassified and classified, provides that:

"The civil service of the City is hereby divided into the unclassified and classified service.

"1. The unclassified service shall include:

"(a) All officers elected by the people.

"(b) All directors of departments.

"(c) The Clerk of Council.

"(d) The Chief of Police, three Deputy Chiefs of Police, and eleven Commanders of Police.

"(e) The members of all boards or commissions appointed by the Mayor and of advisory boards appointed by the director of a department.

"(f) The secretary to the Mayor and one secretary for each director of a department.

"(g) Eight (8) executive assistants to the Mayor, provided, however, that there shall be no restrictions as to their duties assignments.

"(h) Students enrolled in a recognized college or university in a course of training in preparation for an administrative or professional career in the publici service and employed upon the recommendation of the official inn charge of personnel administration as student aides for training purposes without limitation as to assignment of duties.

"(i) School crossing guards.

"(j) Members of the auxiliary police force.

"2. The classified service shall comprise all positions not specifically included by this Charter in the unclassified service. There shall be in the classified service three classes to be known as the competitive class, the noncompetitive class and the ordinary unskilled labor class.

"(a) The competitive class shall include all positions and employment for which it is practicable to determine the merit and fitness of applicants by competitive tests.

"(b) The noncompetitive class shall include all positions requiring peculiar and exceptional qualifications of a scientific, managerial, professional or educational character, as may be determined by the Commission, the fitness of applicants for which may be determined by noncompetitive tests.

"(c) The ordinary unskilled labor class shall include all ordinary unskilled labor positions for which it is impractical to give competitive tests. Such positions shall be filled from unskilled labor eligible lists established and maintained by the Commission. The Commission shall register applicants for positions in the labor class either continuously or at such times as there are vacancies to be filled, provided, however, that no registration may be accepted until public notice of the intention to so accept registrations shall be made by the Commission. Priority of such registration shall determine an applicant's place on the eligible list, provided the applicant meets required standards as to age, citizenship, physical fitness and residence as established by the Commission. Eligibility to be called for examination following registration shall expire one year following the date of registration.

"The Civil Service Commission shall be the sole authority under the Charter to determine the grade and classification of positions as to duties and responsibilities in all branches of the classified service."

The question thus central to the within appeal involves whether the position of Secretary of Police is either a classified or unclassified position.

Cleveland Codified Ordinances Section 135.15, which establishes the position of Secretary of Police, provides that:

"(a) There shall be in the Division of Police a position to be known as Secretary of Police, the compensation for which shall be at the rate fixed for the rank of Captain of Police.

"(b) The position shall have the incidence prescribed by Ohio R.C. 124.51" (Ord: No. 939-69. Passed September 22, 1969. Effective September 24, 1969.)

R.C. 124.51, which deals with the position of Secretary of Police and is incorporated by reference into Cleveland Codified Ordinances Section 135.15, provides that:

"In any city which by action of its legislative authority establishes the position of secretary of police or the position of secretary of fire, neither such position, if filled by a member of the uniform rank by assignment, shall be subject to competitive examination, notwithstanding section 124.44 of the Revised Code. The status within the uniform ranks of such member while so serving in such assignment shall remain unchanged and, notwithstanding the compensation fixed for such position, he shall not acquire any right to promotion other than such rights to promotion which apply to the rank held at the time of assignment."

Cleveland Codified Ordinances Section 101.03, which deals with the construction of all ordinances of the city of Cleveland, provides in pertinent part that:

"101.03 Rules of Construction.

"(a) *Common and Technical Usage.* Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly. (ORC 1.42)"

In addition, R.C. 1.42, which deals with the construction of state statutes, provides that:

. "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative

definition or otherwise, shall be construed accordingly."

Finally, a statute or ordinance must be applied according to its clear intent as exemplified by its unambiguous language. The intent of the statute or ordinance may not be changed under the guise of construction or legal interpretation. Cf. *State, ex rel Maher v. Baker* (1913), 88 Ohio St. 165; *Brown v. Town and Country Auto Sales* (1974), 43 Ohio App. 2d 119; *Adamski v. Bureau of Unemployment Comp.* (1959), 108 Ohio App. 198.

As previously stated, Cleveland Codified Ordinances Section 135.15 creates the position of Secretary of Police and incorporates by reference R.C. 124.51. A plain and ordinary reading of the language of R.C. 124.51 clearly establishes that the position of Secretary of Police was intended to be created as a classified civil service position in light of the fact that filling of the position must ordinarily be accomplished through a competitive examination procedure. The mere exclusion of police officers from the examination procedure in itself does not transform the position into an unclassified status nor is such an exception violative of the constitutional guarantees of due process and equal protection *per se*. Cf. *Personnel Administrator of Massachusetts v. Feeney* (1979), 422 U.S. 256; R.C. 124.23 (examinations; preferences; seniority); R.C. 124.30 (temporary and exceptional appointments). Thus, since the position of Secretary of Police is indeed a classified civil service position, any disciplinary action taken against an individual filling the position of Secretary of Police must be subjected to a hearing before the Civil Service Commission of the City of Cleveland pursuant to the application of Civil Service Commission Rule 9.00 (Discharges, Suspensions and Demotions).

Although the position of Secretary of Police is indeed a classified civil service position, the record before this court discloses that there existed genuine issues of material fact with regard to the appellee's appointment as Secretary of Police. Genuine issues of material fact existed for the trier of fact with regard to whether the appellee was properly appointed to the position of Secretary of Police.

As mandated by section 131 of the Cleveland City Charter, the appointing authority shall notify the Civil Service Commission of the need to fill an open position and the Commission thereafter shall certify to the appointing authority the names and addresses of the three eligible candidates. Herein, no documentary evidence and/or affidavits were presented by the appellee to concretely demonstrate that the appellee's appointment was made in conformity with the Cleveland City Charter. Additional genuine issue of material fact exist as to whether the appellants may be estopped from presenting the argument that the appellee was not properly appointed to the position of Secretary of Police. Cf. *Moore v. Agin* (1984), 12 Ohio St. 3d 173; *Farnsworth v. Board of County Commissioners* (1972), 61 Ohio St. 2d 72.

Therefore, the trial court did err in granting the appellee's motion for summary judgment since there were genuine issues of material fact for the trier of fact. The appellee was not entitled to judgment as a matter of law.

Therefore, the appellant's first assignment of error is well taken.

II.

The appellant's second assignment of error is that:

"THE COMMON PLEAS COURT ERRED IN DENYING THE APPELLANTS' MOTION TO DISMISS WHERE MC NEA'S POSITION AS SECRETARY OF POLICE WAS NOT A CLASSIFIED ONE AND WHERE HE DID NOT HAVE A PROTECTED INTEREST IN THAT POSITION."

The appellants, in their second assignment of error, argue that the trial court erred in denying the appellants' motion to dismiss. Specifically, the appellants argue that the trial court should have granted the motion to dismiss since the position of Secretary of Police was not a classified civil service position. This assignment of error is not well taken.

An order of the trial court which denies a motion to dismiss is not a final appealable order. *Etchell v. Marcus* (Feb. 15, 1990), Cuyahoga App. No. 58158, unreported, *Block v. Miller* (April 1, 1982), Cuyahoga App. No. 43925, unreported; *Freskakis v. Higbee Comp., et al.* (May 21, 1981), Cuyahoga App. No. 43462.

The appellant's second assignment of error is not well taken.

Judgment reversed and the matter is remanded to the trial court for proceedings.

NAHRA J., concurs.

JOHN V. CORRIGAN, P.J., concurs in judgment only.