MOORE, APPELLEE, *v.* AGIN ET AL., APPELLANTS.

[Cite as Moore *v.* Agin (1984), 12 Ohio St. 3d 173.]

(No. 83-1491—Decided July 25, 1984.)

Mr. *Frank J. Micheli,* for appellee.
Mr. *Mell G. Underwood, Jr.,* for appellants.

*Per Curiam.* The issue raised by this appeal is whether the promotional procedures of the Ohio Civil Service Act, R.C. 124.01 *et seq.,* were properly suspended to allow the appointment of appellee to the position of chief of police. We hold that the suspension was valid and that appellee's appointment was legal in all respects.

In the great majority of circumstances, appointments and promotions in civil service positions must be made pursuant to competitive examination. See Section 10, Article XV of the Ohio Constitution. Furthermore, R.C. 124.31(A) provides that:

"Vacancies in positions in the classified service shall be filled insofar as practicable by promotions. * * *"

Appellants argue that, since no competitive examination was administered in this case, and since appellee was appointed other than by promotion, the above requirements were violated and the appointment was invalid. We disagree.

Appellants' argument fails to allow for the provisions of R.C. 124.30(B). This statute was enacted for the purpose of providing a means for suspending the competition requirements of R.C. 124.01 *et seq.* in certain situations. R.C. 124.30(B) states in part:

"In case of a vacancy in a position in the classified service where peculiar and exceptional qualifications of a scientific, managerial, professional, or educational character are required, and upon satisfactory evidence that for specified reasons competition in such special case is impracticable and that the position can best be filled by a selection of some designated person of high and recognized attainments in such qualities, the director may suspend the provisions of Sections 124.01 to 124.64 of the Revised Code, requiring competition in such case * * *."

Thus, the legislature has wisely provided for the eventuality that extraordinary circumstances may necessitate, for reasons of practicality, the suspension of the usual competition requirements. R.C. 124.30(B) permits this suspension where a particular position demands singularly exacting qualifica-

tions and where circumstances dictate that competition would be impracticable. In such a situation, the department in which the vacancy exists may request that the required competitive examination be dispensed with and the pool of candidates widened to include all qualified applicants. Of course, the procedures ordinarily required will be suspended only upon a proper showing of the extraordinary conditions outlined in the statute.

We are satisfied that the circumstances of the case *sub judice* fully warranted the Zanesville Civil Service Commission in foregoing a competitive examination and appointing as chief of police an applicant from outside the department. Law enforcement operations in that city had reached such a point of near-emergency due to a leadership vacuum that a particularly qualified chief of police was urgently needed. Moreover, selection by competitive examination was indeed impracticable because the qualities sought in the new appointee could not be accurately identified by such examination. Lastly, in view of the conditions of dissension and low morale existing in the Zanesville Police Department at the time, the position of chief of police could "best be filled by a selection of some designated person of high and recognized attainments" in a professional and managerial capacity.

The Zanesville Civil Service Commission conducted an open hearing on the question of whether the competitive examination requirement could properly be suspended under the circumstances. Upon satisfactory evidence, the commission invoked its authority under R.C. 124.30(B) to forego the examination, and proceeded to select the most qualified candidate. Not a single objection to this course was raised from any quarter until appellee's dismissal nearly seven years later. Our review of the record reveals that no supportable objection could in fact be made, since the commission acted within its authority, and did so openly, cautiously, and justifiably.

We conclude that appellee's 1975 appointment as chief of police was legally valid in every respect. By virtue of that appointment and his seven years of service in that position, he is a member of the classified civil service.[1] He is therefore protected by the classified provisions of the Ohio Civil Service Act, which includes the right to appeal his removal. See R.C. 124.34.

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

---

[1] R.C. 124.271 provides in pertinent part:

"Any employee in the classified service of the state or any county, city, city health district, general health district, or city school district who is appointed provisionally to fill a vacancy and who remains in provisional status in the same classification for a period of two years of continuous service, during which period no competitive examination is held, becomes a permanent appointee in the classified service at the conclusion of such two year period. * * *." Cf. *Richley v. Youngstown Civil Service Comm.* (1984), 9 Ohio St. 3d 15.