OPINION
{¶ 1} The plaintiff-appellant, Ohio Patrolmen's Benevolent Association ("Association"), appeals the January 20, 2006 Judgment of the Court of Common Pleas of Seneca County, Ohio making findings of fact and conclusions of law in favor of Fostoria Civil Service Commission ("Commission").
 {¶ 2} In the summer of 2004, the Fostoria Civil Service Commission terminated the employment of former Fostoria Chief of Police Dennis Day for misconduct. Following the termination, the Fostoria Civil Service Commission conducted a competitive promotional examination pursuant to R.C. 124.44. Two captains within the Fostoria Police Department took the examination and one of the two captains passed the examination. Captain Ronnie Phillip Hobbs passed and on November 1, 2004, he was promoted to Acting Chief of Police. Acting Chief Hobbs was approached on numerous occasions between November 2004 and July 2005 with offers to become the permanent Chief of Police; however, on each occasion he declined the permanent appointment of Chief of Police.
 {¶ 3} On October 10, 2005, the Fostoria Civil Service Commission held a meeting to discuss the selection of a permanent Chief of Police. During the meeting, the Commission suspended the competitive examination requirements of R.C. 124.44 pursuant to a petition request by the Fostoria Mayor, John Davoli. The Commission further adopted revised job criteria for the Chief of Police position during the meeting. Mayor Davoli advanced three justifications in support of changing the qualification requirements: (1) the "culture of discipline" in the Department; (2) Homeland Security issues; and (3) more efficient law enforcement. The description included language that said the position would be best filled by a selection of some "designated person of high and recognized attainments in qualities of scientific, managerial, professional, or educational character," the same language that appears in R.C. 124.30. Therefore, as a result to the meeting, the Fostoria Civil Service Commission invoked R.C. 124.30(A)(2) in an effort to expand the application process beyond the internal competitive promotional examination within the Fostoria Police Department.
 {¶ 4} On October 14, 2005, Ohio Patrolmen's Benevolent Association, a labor organization representing patrol officers within the Fostoria Police Department, filed a complaint with the Seneca County Court of Common Pleas. The Ohio Patrolmen's Benevolent Association sought declaration and injunctive relief against the Fostoria Civil Service Commission, requesting that they abide by R.C. 124.44 by conducting a competitive promotional examination to fill the position of Chief of Police rather than invoking R.C. 124.30.
 {¶ 5} On November 2, 2005, the trial court conducted a hearing for a preliminary injunctive and temporary restraining order. On November 9, 2005, the trial court denied the Association's request for a preliminary injunction and temporary restraining order. On December 13, 2005, the trial court received further evidence from the parties regarding the Association's request for permanent injunctive and declaratory relief. On January 20, 2006, the trial court issued its decision denying the Association's request for declaratory and injunctive relief. Specifically, the trial court found that a competitive examination under R.C. 124.44 would be impracticable, and the position of Chief of Police required and would be best filled by a selection of some "designated person of high and recognized attainments in qualities of scientific, managerial, professional, or educational character," as permitted by R.C. 124.30.
 {¶ 6} On February 10, 2006, the Union filed a notice of appeal raising the following assignment of error:
THE TRIAL COURT ERRED IN CONCLUDING THAT THE CITY OF FOSTORIAAND CITY OF FOSTORIA CIVIL SERVICE COMMISSION HAD PROPERLYFOLLOWED THE REQUIREMENTS OF R.C. SECTION 124.30, ALLOWING SAIDCOMMISSION TO SUSPEND THE USE OF COMPETITIVE EXAMINATIONS FORFILLING VACANCIES IN THEIR POLICE DEPARTMENT AS REQUIRED BY R.C.124.44.
 {¶ 7} Ohio Patrolmen's Benevolent Association claims that the trial court erred in concluding that the City of Fostoria and the Fostoria Civil Service Commission had properly followed the requirements of R.C. 124.30, allowing the Commission to suspend the use of competitive examinations for filling vacancies in the Fostoria Police Department as required by R.C. 124.44.
 {¶ 8} In the majority of circumstances, appointments and promotions in civil service positions must be made pursuant to competitive examination. See Section 10, Article XV of the Ohio Constitution. In addition, R.C. 124.31(A) provides:
Vacancies in positions in the classified service shall befilled insofar as practicable by promotions. * * *
R.C. 124.44 states:
No positions above the rank of patrolman in the policedepartment shall be filled by original appointment. Vacancies inpositions above the rank of patrolman in a police departmentshall be filled by promotion from among persons holding positionsin a rank lower than the position to be filled. No position abovethe rank of patrolman in a police department shall be filled byany person unless he has first passed a competitive promotionalexamination. * * *
Procedurally, when there are two individuals from the immediately lower rank applying for the open position, they may compete for the opening but the examination is not open to any lower ranks. R.C. 124.44. If only one individual from the immediately lower rank applies to compete for the opening then individuals from the next lower rank may also compete for the opening and the examination is open to the next lower rank.
 {¶ 9} R.C. 124.30 provides a means for suspending the competition requirements of R.C. 124.01 et seq. in certain circumstances. Specifically, R.C. 124.30(A)(2) states in part:
In case of a vacancy in a position in the classified servicewhere peculiar and exceptional qualifications of a scientific,managerial, professional, or educational character are required,and upon satisfactory evidence that for specified reasonscompetition in such special case is impracticable and that theposition can best be filled by a selection of some designatedperson of high and recognized attainment in such qualities, thedirector may suspend the provisions of section 124.01 to 124.64of the Revised Code, requiring competition in such case * * *
The Supreme Court stated in Moore v. Agin (1984),12 Ohio St.3d 173, 465 N.E.2d 1293, that "the legislature has wisely provided for the eventuality that extraordinary circumstances
may necessitate, for reasons of practicality, the suspension of the usual competition requirements. * * * Of course, the procedures ordinarily required will be suspended only upon a proper showing of the extraordinary conditions outlined in the statute." (Emphasis added.)
 {¶ 10} In Moore, the Supreme Court addressed the issue of "whether the promotional procedures of the Ohio Civil Service Act, R.C. 124.01 et seq., were properly suspended to allow the appointment of appellee to the position of chief of police."Moore, 12 Ohio St.3d at 174. Pursuant to an investigation by the Muskingum County Prosecutor the Chief of Police of the city of Zanesville, Ohio was indicted and then resigned from his position. The Zanesville Police Department was in a state of utter discord due to the low morale, lack of respected authority, and general confusion. Upon a survey of the patrolman, a great majority favored an appointment of the Chief of Police from outside the department, evidencing the prevailing atmosphere of dissension within the department. Furthermore, there were no lists of individuals eligible for the position of Chief of Police. Thus, the city filed a petition to suspend the competitive examination requirements in order to fill the Chief of Police position because they were faced with a point of near-emergency due to a leadership vacuum that a particularly qualified chief of police was urgently needed.
 {¶ 11} The case before us can be distinguished from theMoore case in many aspects. In this case, the Chief of Police was terminated and a competitive promotional evaluation was conducted pursuant to R.C. 124.44 between two captains. However, only one captain passed the examination and he decided to decline the permanent appointment of Chief of Police. The Commission then held a meeting in which the city filed a petition to suspend the competitive evaluation requirements in order to fill the Chief of Police position which was granted and a revised job criteria was adopted to expand the application process beyond the internal competitive promotional examination within the Fostoria Police Department. Three different officers of the Fostoria Police Department were interested in an internal competitive promotional examination and did actually apply through the application process set up by the Commission.
 {¶ 12} In this case, the Commission alleged the general impracticability of competitive promotional examinations in order to establish extraordinary circumstances based on personnel problems and a "leadership crisis," as stated by Mayor Davoli, within the Fostoria Police Department. In support of this allegation, the Commission established that former Police Chief Day was terminated for misconduct, two department employees resigned pursuant to domestic disputes, and another department employee resigned for reasons regarding criminal charges stemming from a traffic stop. In addition, Safety Services Director William Rains testified that the Commission did not want to promote from the existing ranks because they did not want another situation like that with former Police Chief Day who had been promoted internally. Furthermore, the city stated that it was its desire to have a police chief who possessed exceptional qualifications of a scientific, managerial, professional, or educational character.
 {¶ 13} In finding that suspension of the competition examination was warranted in this case, the trial court quoted from the letter provided to the Commission by Mayor Davoli stating that `a strict observance of R.C. 124.44 will not guarantee us a candidate' with the qualifications listed in the new job description" and that "further internal competitive examination below the captain levels appears impracticable." January 20, 2006 Judgment Entry, p. 4. However, the Commission itself argued that the department had several members who were considered qualified to apply for the position of Chief through the new open process. And the trial court in its decision acknowledges that two officers and one sergeant did apply for the vacant Chief of Police position through the application process established by the Commission. Additionally, the testimony of the Acting Chief of Police indicated that the morale of the Fostoria Police Department had improved since he took over as the Acting Chief of Police and that there was a need for strong leadership in the Fostoria Police Department and that there were a number of individuals who are from the existing ranks of officers in the department that could fill the position. Finally, Safety Services Director William Rains stated in his testimony that "At no time did anybody * * * insinuate that we didn't have qualified people [within the Fostoria Police Department]. * * * [w]e wanted to have a broader view of candidates."
 {¶ 14} Upon review of the foregoing evidence and the record in this case, we cannot conclude that the Commission has demonstrated the exceptional circumstances necessary to justify a suspension of the competitive examination pursuant to R.C.124.30. Accordingly, we must conclude that in this instance the judgment of the trial court to the contrary was against the weight of the evidence and in error. Therefore, the assignment of error is sustained, and the January 20, 2006 Judgment of the Court of Common Pleas of Seneca County, Ohio is reversed and the matter remanded for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 Bryant, P.J. and Cupp, J., concur.