[Cite as *Assn. of Cleveland Firefighters Local 93 I.A.F.F. v. Cleveland*, 2017-Ohio-6887.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105033**

---

# ASSOCIATION OF CLEVELAND FIREFIGHTERS LOCAL 93 I.A.F.F.

PLAINTIFF-APPELLANT

vs.

# CITY OF CLEVELAND, ET AL.

DEFENDANTS-APPELLEES

---

### JUDGMENT:
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-823955

**BEFORE:** Kilbane, P.J., Boyle, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 20, 2017

**ATTORNEY FOR APPELLANT**

Daniel A. Powell
Joseph W. Diemert & Associates Co., L.P.A.
1360 S.O.M. Center Road
Cleveland, Ohio 44124


**ATTORNEYS FOR APPELLEES**

**For City of Cleveland**

Barbara A. Langhenry
Director of Law
Annette G. Butler
Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114


**For Chief Angelo Calvillo**

Bradric T. Bryan
Goodwin & Bryan L.L.P.
22050 Mastick Road
Fairview Park, Ohio 44126


**For John Coughlin, Vincent DiTeodoro, Bradley Englehart, William Gorey III, and James Thomas**

Scott C. Essad
721 Boardman-Poland Road, Suite 201
Boardman, Ohio 44512

**For Battalion Chief Anthony Luke**

Edward Richard Stege
Stege & Michelson Co., L.P.A.
30799 Pinetree Road #302
Pepper Pike, Ohio 44124

B. Nicole Bush
20820 Chagrin Boulevard, Suite 301
Cleveland, Ohio 44122

MARY EILEEN KILBANE, P.J.:

{¶1}   Plaintiff-appellant, Association of Cleveland Firefighters, Local 93 I.A.F.F. ("Local 93"), appeals from the trial court's decision that denied its motion for summary judgment on its claims for declaratory judgment and injunctive relief and dismissed its amended complaint, which also sought a writ of mandamus.  For the reasons set forth below, we reverse and remand with instructions for the trial court to consider Local 93's motion for summary judgment on the merits consistent with this opinion.

Facts and Procedural History

{¶2}   This matter is before this court again because in March 2014, the City, for the first time in the history of the Cleveland Fire Department, administered noncompetitive examinations for the positions of assistant fire chief and battalion chief. The responsibilities of the assistant chiefs' positions consist of an operational role or a fire ground commander.  The responsibilities of the battalion chiefs include the first incoming tactical decisions and the decisions of where to place firefighters.

{¶3}   Local 93 is the sole certified bargaining representative for all of the city of Cleveland Division of Fire members holding rank of firefighter through assistant chief. In its original complaint for declaratory judgment and injunctive relief filed on March 20, 2014, Local 93 sought to enjoin defendant-appellee, the city of Cleveland (the "City"), from administering a noncompetitive examination for the positions of assistant chief and battalion chief.  Local 93 alleged that the City violated Ohio's Constitution, state and local law, and the City's Charter when it created a noncompetitive examination process

for the positions of assistant chief and battalion chief. Local 93 maintained that the City is required to use a competitive exam designed to test for merit and fitness for promotion as set forth in the Ohio Constitution, Article XV, Section 10, R.C. Chapter 124, Cleveland Charter Section 128, and Cleveland Civil Service Commission Rules 4.60 and 4.70.

### March 2014 Bulletin

**{¶4}** On March 14, 2014, the City issued a bulletin announcing noncompetitive promotional examinations for vacancies for the positions of assistant chief and battalion chief. The noncompetitive process used by the City consisted of the submission of a resume and an interview by panel members. The City stipulates that the promotional exam was a noncompetitive examination.

**{¶5}** The application filing period was set from March 17, 2014, through March 22, 2014. The City's Civil Service Commission Secretary, Lucille Ambroz ("Secretary Ambroz"), testified that she made the decision, on her own accord, to change the testing to a noncompetitive test. Secretary Ambroz was unable to explain why competitive testing was not practicable under the current situation. She believed the need for noncompetitive examinations existed to permit the appointing authority to look at all the individuals that were applying and vet them out completely. She later testified that she had in fact decided, along with the former safety director, to switch to noncompetitive testing. Secretary Ambroz acknowledged that this was the first time the City has ever

used noncompetitive testing to promote individuals in the City's Division of Fire. The City had been utilizing a competitive examination for promotions since 1912.

{¶6} Assistant Safety Director Edward Eckart ("Assistant Director Eckart"), who was the former EMS Commissioner, conducted the interviews with a group of panelists. Assistant Director Eckart has no experience as a firefighter. He stated that each interview consisted of 45 minutes of questions from himself, followed by 15 minutes of assessment by the panelists. After the interviews were completed, Assistant Director Eckart directed the fire chief to assemble files on those candidates who the panelists perceived to be the top 15 candidates. Selections were then made from that list.

The Dismissal of Local 93's Complaint and its Initial Appeal

{¶7} On March 20, 2014, the same day Local 93 filed its complaint, the trial court entered an order allowing the City to continue to accept applications through the City's set deadline and scheduled a hearing on April 7, 2014. At the hearing, the trial court heard testimony from the fire chief, an assistant fire chief, and several battalion chiefs, as well as Secretary Ambroz and Assistant Safety Director Eckart regarding competitive exams, the testing process, and the seismic shift in testing methods from competitive to noncompetitive examinations.

{¶8} Thereafter, the trial court requested that the parties return for oral argument on the issue of subject matter jurisdiction, an issue that was raised, sua sponte, by the trial court. The court held a hearing on April 17, 2014, regarding this issue. Both Local 93 and the City argued that the trial court has proper jurisdiction because the issue of

noncompetitive exams is not addressed in their collective bargaining agreement. On April 25, 2014, the trial court issued a decision finding that it lacked jurisdiction to hear the matter in light of the union's failure to exhaust its remedies under the collective bargaining agreement. As a result, the court ordered, sua sponte, that Local 93's claims be dismissed as a matter of law.

{¶9} Local 93 appealed, and the City cross-appealed to this court in *Assn. of Cleveland Firefighters, Local 93 I.A.F.F.*, *v. Cleveland*, 2015-Ohio-1538, 31 N.E.3d 1285 (8th Dist.). Both parties argued the trial court erred when it dismissed Local 93's complaint for lack of subject matter jurisdiction. On April 23, 2015, we reversed the trial court's decision and remanded the matter for the trial court to adjudicate Local 93's complaint and injunction motions. *Id.* at ¶ 24.

The City promotes Six Fire Captains through
the Noncompetitive Examination Process

{¶10} While the matter was pending before this court, the City went ahead and administered the noncompetitive promotional exam in May 2014, which was the subject of Local 93's complaint. Local 93 took no action to stop the administration of the noncompetitive exam, and the City promoted six fire captains to fill the battalion-chief positions. These newly promoted fire captains were promoted through the noncompetitive examination process.

The Trial Court Grants Local 93's Motion for Preliminary Injunction

{¶11} In August 2015, following a hearing after our remand, the trial court granted Local 93's preliminary injunction, as set forth in the initial complaint, and prohibited the

City from continuing to administer its noncompetitive examination process for promotion in the fire department. In its opinion, the trial court acknowledged that the March 2014 bulletin was "the first time in the history of the fire department that promotion to the rank of battalion chief and assistant chief would be by noncompetitive means." The court further acknowledged that Local 93 is seeking a declaration that the March 2014 bulletin was in violation of Ohio's Constitution, state and local law, and the City's Charter. The court then stated that "under the first prong of the prima facie case for the Local 93's motion for preliminary injunction, this court must analyze the likelihood that the Local 93 will prevail on the merits of the declaratory judgment action."

**{¶12}** In doing so, the trial court found that the City's administrative decision to change to noncompetitive testing was not supported by the evidence and there was a substantial likelihood that Local 93 would prevail on the merits of its declaratory judgment. The court reasoned that

> [t]hroughout the entire hearing, both [Ambroz and Eckart] were pressed by counsel and the Court as to why it was not practicable to implement the proposed new testing method into competitive testing. At no time did either witness provide the Court with persuasive evidence that a deviation from competitive examination designed to test for merit and fitness as required by the Ohio Constitution, the Ohio Revised Code, and the City of Cleveland Charter was appropriate or necessary under the circumstances. Furthermore, while the Court recognizes that [Ambroz] has broad discretion to determine promotion and the method of testing, said discretionary powers must be exercised fairly and reasonably.

**{¶13}** The trial court further found that if the injunction was not granted, the potential of irreparable harm to Local 93 "is quite real." The court explained that

the threatened harm is more than just hurt feelings or disharmony with the division. Rather, * * * competitive testing requires selection amongst the highest ranked individuals according to performance, including the ability to make time sensitive and critical tactical decisions. Said decisions deal directly with the safety of firefighters on scene, as well as with the protection and safety of the community. The decisions for which battalion and assistant chiefs are responsible are often life and death decisions. Where lack of competitive testing erodes the confidence of rank and file fire fighters in the decisions that are being made and orders that are being implemented, the Court finds there is a high risk of harm associated with lack of confidence in commanding officers.

{¶14} We note that at the time the court granted Local 93's motion, the City had already promoted six individuals through the noncompetitive process.[1] Then between June 26 and September 15, 2015, several interested parties filed motions to intervene, which the trial court ultimately granted.

Local 93's Amended Complaint

{¶15} In September 2015, Local 93 moved for leave to amend its complaint, which the trial court granted in December 2015. In its amended complaint, Local 93 again sought a declaratory judgment, a preliminary injunction, and permanent injunction, and also sought a petition for writ of mandamus. Local 93 maintains that because the March 14, 2014 bulletin violates the Ohio Constitution, both state and local law, and the City's Charter it was entitled to

> a declaratory judgment that all vacancies in the promoted ranks of Division of Fire created since the expiration of the most recent certified civil service eligibility lists, as well as any such vacancies which have yet to be created

---

[1]We note that the last eligibility lists formulated on the basis of competitive examinations for assistant chief and battalion chief expired at the end of 2013.

in the promoted ranks, must be filled by a competitive examination process in compliance with applicable law.

**{¶16}** Local 93 also sought preliminary and permanent injunctions prohibiting the administration of noncompetitive promotional exams for any promoted rank in the fire department, and sought a writ of mandamus "as a result of the City's failure to comply with its clear legal duties with regard to promotional examinations within the Division of Fire[.]"

<u>12 Fire Captain's Motion to Intervene and their Writ of Mandamus</u>

**{¶17}** Also in September 2015, 12 fire captains filed a motion to intervene, which they later withdrew on November 12, 2015, because the trial court had not yet ruled on their motion. The next day, these 12 fire captains (relators) filed a complaint for a writ of mandamus with the Ohio Supreme Court in *State ex rel. Schroeder v. Cleveland*, Slip Opinion No. 2016-Ohio-8105. The relators asserted that they have a clear legal right to require that the City

> choose battalion chiefs and assistant chiefs from among the three highest scores in a competitive promotional exam, that they have no adequate remedy in the ordinary course of the law, and that [the City] has no lawful reason for refusing to offer a competitive exam or for filling the positions with firefighters who do not rank among the top three scores in a competitive exam.

*Id.* at ¶ 11.

**{¶18}** They requested that the Ohio Supreme Court order the City

to immediately offer a competitive promotional exam to all firefighters who were eligible to sit for such a test when the noncompetitive examination process was announced in March 2014, fill all battalion-chief and assistant-chief positions available since March 2014 with firefighters who rank in the top three of that competitive test, make those promotions retroactive to the date each would have been effective if [the City] had complied with the law, and provide back pay and benefits to the firefighters promoted under the new competitive process.

*Id.*

**{¶19}** The *Schroeder* court noted that to be entitled to extraordinary relief in mandamus, "relators must establish a clear legal right to the requested relief, a clear legal duty on the part of [the City] to provide it, and the lack of an adequate remedy in the ordinary course of the law." *Id.* at ¶ 13, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

**{¶20}** The relators challenged the noncompetitive examination process on the same grounds as Local 93 did in its amended complaint and sought the immediate return of the competitive examination process. *Id.* at ¶ 21. In August 2016, the *Schroeder* court dismissed relators' writ, finding that they had an adequate remedy in the ordinary course of law by way of intervention. *Id.* at ¶ 24. The court stated that relators could have intervened in Local 93's declaratory judgment action and obtained all the relief they sought in their writ of mandamus. *Id.* at ¶ 21.

<u>Motions for Summary Judgment</u>

**{¶21}** Meanwhile in March 2016, Local 93 and the City each filed motions for summary judgment. Local 93 opposed the City's motion. The City, however, did not

file a response in opposition to Local 93's motion for summary judgment.[2]   After

submitting briefs and evidence, the trial court issued a

judgment entry and opinion dismissing the action in September 2016.   The court stated:

> Initially, the court notes that not one of the Local 93's amended counts references the March 14th, 2014 bulletin announcing the noncompetitive promotional examinations, the fact that those noncompetitive tests have already been administered, the fact that promotional lists were generated from those noncompetitive exam processes, the fact that several promotions have already been effectuated from said lists, or the fact that the lists generated from the noncompetitive examination processes have since expired and can no longer be utilized.   Rather, the amended complaint asks this court to find all vacancies in the promoted ranks both past and future must be filled by competitive examination, and that all noncompetitive examination for the promoted ranks within the Division of Fire is prohibited.
>
> * * *
>
> Local 93's arguments to this court in their motion for summary judgment do not comport with the counts in their amended complaint.   From the evidence submitted, which pertains solely to the March 14th, 2014 bulletin, the noncompetitive examinations administered thereafter and the promotions effectuated therefrom, this court could not possibly conclude that *all* vacancies in the promoted ranks both past and future *must* be filled by competitive examination, or that *all* noncompetitive examination for the promoted ranks within the Division of Fire should be strictly prohibited.
>
> * * *
>
> The testing itself has already been administered and it cannot be undone through declaration from this court.   Furthermore[,] the promotional lists generated from the noncompetitive examination processes have already, on their face, expired and can no longer be used.   (See, Plaintiff's Exhibits 2 & 3.)   Thus, the only possible right that this court could issue declaration

———————

[2]We note that none of the intervenors filed motions in opposition to either Local 93's or the City's motion for summary judgment, nor did they file their own motions for summary judgment.

on would be whether the promotions effectuated from the noncompetitive promotional lists are contrary to law. No other justiciable controversy is presented by the evidence before this court.

\* \* \*

It is important to note that the Local 93 filed their amended complaint after the August 6th, 2015 order of this court. As such, the Local 93, * * * had ample opportunity to specify its claims. However, as the evidence submitted by these parties and the arguments presented in the motions for summary judgment do not comport with the relief sought in the amended complaint, this court must deny the motions.

Upon due consideration of the motions filed by these parties and after construing all the evidence submitted as required by Ohio law, the court issues the following judgment: as the amended complaint seeks both declaration and injunctive relief specifying that *all* vacancies in the promoted ranks of the Division of Fire, both past and future, must *always* be filled by competitive examination process, and that *all* noncompetitive examination for the promoted ranks within the Division of Fire should be strictly prohibited, this court finds that there is no justiciable issue or controversy and hereby dismisses all remaining counts in the amended complaint.

(Emphasis sic.)

**{¶22}** It is from this order that Local 93 appeals, raising the following two assignments of error for review.

### Assignment of Error One

The trial court erred in denying Local 93's motion for summary judgment.

### Assignment of Error Two

The trial court erred in dismissing Local 93's claims.

<u>Analysis</u>

**{¶23}** Local 93 argues the March 2014 bulletin violates the Ohio Constitution, state and local law, and the Cleveland City Charter because the City is required to use a competitive exam designed to test for promotion within the Division of Fire, as set forth in Article XV, Section 10 of the Ohio Constitution, R.C. Chapter 124, Cleveland Charter Section 128, and Cleveland Civil Service Commission Rules 4.60 and 4.70. As a result, Local 93 maintains that the trial court erred when it denied its motion for summary judgment and dismissed its claims.

<u>Civil Service Law</u>

**{¶24}** We note that the fundamental purpose of Ohio's civil service laws is to

> establish a merit system, whereby selections for appointments [and promotions] in certain branches of the public service may be made upon the basis of demonstrated relative fitness, without regard to political considerations, and to safeguard appointees against unjust charges of misconduct and inefficiency, and from being unjustly discriminated against for religious or political reasons or affiliations.

*Curtis v. State ex rel. Morgan*, 108 Ohio St. 292, 140 N.E.2d 522 (1923), paragraph four of the syllabus. To carry out this purpose, rules have been formulated and designed to facilitate its operation. *Id.* at 296.

**{¶25}** Relevant to the instant case, Article XV, Section 10 of the Ohio Constitution, imposes strict limitations on the operation of civil service systems within the state. It provides that

> [a]ppointments and promotions in the civil service of the state, the several counties, and cities, *shall* be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall

be passed providing for the enforcement of this provision.

(Emphasis added.)   *Id.*

**{¶26}** R.C. 124.45 governs promotional examinations for the fire department and provides that

> [v]acancies in positions above the rank of regular fire fighter in a fire department *shall* be filled by competitive promotional examinations, and promotions shall be by successive ranks as provided in this section and sections 124.46 to 124.49 of the Revised Code. Positions in which those vacancies occur shall be called promoted ranks.
>
> * * *
>
> Promotional examinations for positions within a fire department *shall* relate to those matters that test the ability of the person examined to discharge the particular duties of the position sought, *shall* include a written testing component, and, in examinations for positions requiring the operation of machines or equipment, may include practical demonstration tests of the operation of those machines or equipment as a part of the examination.

(Emphasis added.)

**{¶27}** Cleveland Charter Section 128 states that

> [t]he rules of the Civil Service Commission *shall* among other things, provide:
>
> (a) For the standardization and classification of all positions and employments in the classified service of the City, including officers and employees of the Civil Service Commission.  Such classification into groups and subdivisions shall be based upon and graded according to duties and responsibilities and so arranged as to promote the filling of the higher grades, so far as practicable, through promotions.
>
> (b) For open competitive tests to ascertain the relative fitness of all applicants for appointments in the competitive class.
>
> * * *

(j) For promotion based on competitive tests and records of efficiency, character, conduct and seniority.

(Emphasis added.)

{¶28} Section 4.60 of the City's Rules of the Civil Service Commission provides that "[n]on-competitive examinations shall be regarded as exceptional and may be held only for positions requiring peculiar and exceptional qualifications of a scientific, managerial, professional, or educational character."

{¶29} Section 4.70 of the City's Rules of the Civil Service Commission provides that "[e]xaminations for promotion *shall* be of the same character, conducted in the same manner and the examination papers *shall* be scored in accordance with the same standards as are prescribed for assembled open competitive examinations." (Emphasis added.)

{¶30} A "'competitive civil service examination' has been defined as an '[e]xamination which conforms to measures or standards which are sufficiently objective to be capable of being challenged and reviewed by other examiners of equal ability and experience.'" *State ex rel. Brenders v. Hall*, 71 Ohio St.3d 632, 634, 1995-Ohio-106, 646 N.E.2d 822, quoting *Black's_ Law Dictionary* 284 (6 Ed.1990), and citing *State ex rel. Delph v. Greenfield*, 71 Ohio App.3d 251, 593 N.E.2d 369 (4th Dist.1991). A competitive examination "is open to all who are eligible." *State ex rel. King v. Emmons*, 128 Ohio St. 216, 221, 190 N.E. 468 (1934). Whereas, "a non-competitive examination is one in which the examining authority selects at pleasure such candidates as he may choose and subjects them to examination as he deems necessary." *Id.*

{¶31} The Ohio Supreme Court has stated that "[i]n a great majority of circumstances, appointments and promotions in civil service positions must be made pursuant to competitive examination." *Moore v. Agin*, 12 Ohio St.3d 173, 174, 465 N.E.2d 1293 (1984), citing Article XV, Section 10 of the Ohio Constitution. In general, "a civil service commission has broad discretion to determine promotion and the method of testing, but it cannot arbitrarily dispense with a competitive examination designed to test for merit and fitness if required by the city charter." *Local 67 I.A.F.F. v. Columbus*, 10th Dist. Franklin No. 86AP-428, 1987 Ohio App. LEXIS 9741 (Nov. 17, 1987), *5.

{¶32} Here, in its amended complaint and motion for summary judgment, Local 93 argued the City is required to use a competitive exam designed to test for promotion within the Division of Fire, as set forth in the Ohio Constitution, R.C. Chapter 124, Cleveland Charter Section 128, and Cleveland Civil Service Commission Rules 4.60 and 4.70. It further argued that the March 2014 bulletin violates state and local law.

{¶33} The trial court's decision, however, did not address the merits of Local 93's motion for summary judgment. Rather, the court dismissed the amended complaint, finding no justiciable issue or controversy because the positions had already been filled through the noncompetitive examination process. The trial court reasoned that the arguments presented in Local 93's motion for summary judgment do not comport with the relief sought in its amended complaint. In particular, the trial court mentions that Local 93 failed to reference the March 2014 noncompetitive examination bulletin in its amended complaint. We disagree.

{¶34} A review of Local 93's amended complaint reveals that the March 2014 bulletin is referenced several times, including in the facts section, each count of the amended complaint, and the prayer for relief. Local 93 also attached the bulletin to its amended complaint. In particular, paragraph 66 of the amended complaint states that because the subject bulletin violates

> both state and local law, and because any and all vacancies in the various promoted ranks of the Division of Fire must be filled by competitive examination, Local 93 is entitled to a declaratory judgment that all vacancies in the promoted ranks of Division of Fire created since the expiration of the most recent certified civil service eligibility lists, as well as any such vacancies which have yet to be created in the promoted ranks, must be filled by a competitive examination process in compliance with applicable law.

Based on the foregoing, it is clear that the arguments in Local 93's motion for summary judgment comport with the relief sought in its amended complaint.

{¶35} Moreover, there is a justiciable issue for the trial court to decide because the eligibility lists expired and the City can use the noncompetitive examination process again to fill future positions.

{¶36} It is important to note that the trial court previously addressed the merits of Local 93's amended complaint in its August 2015 opinion granting Local 93's preliminary injunction, which was after the positions had already been effectuated through the noncompetitive examination process. In its opinion, the trial court analyzed the likelihood that Local 93 would prevail on the merits of its declaratory judgment action. The trial court found the City did not provide evidence that a deviation from competitive examination designed to test for merit and fitness as required by the Ohio

Constitution, the Ohio Revised Code, and the Cleveland Charter was appropriate or necessary under the circumstances. The court further found that the potential of irreparable harm "is quite real," explaining that

> competitive testing requires selection amongst the highest ranked individuals according to performance, including the ability to make time sensitive and critical tactical decisions. Said decisions deal directly with the safety of firefighters on scene, as well as with the protection and safety of the community. The decisions for which battalion and assistant chiefs are responsible are often life and death decisions. Where lack of competitive testing erodes the confidence of rank and file fire fighters in the decisions that are being made and orders that are being implemented[.]

**{¶37}** By improperly dismissing the amended complaint, the trial court did not consider the merits of Local 93's motion for summary judgment. "Civ.R. 56 requires trial courts to consider motions for summary judgment in the first instance. Appellate courts cannot cure defects by independently reviewing the record and entering the judgment the trial court should have entered." *Anders v. Specialty Chem. Res.*, 121 Ohio App.3d 348, 353, 700 N.E.2d 39 (8th Dist.1997), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 604 N.E.2d 138 (1992). *See also Schmucker v. Kurzenberger*, 9th Dist. Wayne No. 10CA0045, 2011-Ohio-3741. Thus, we find the trial court erred when it dismissed Local 93's amended complaint without addressing the merits of Local 93's motion for summary judgment in the first instance. On its face, the record appears to support Local 93's position that the City's decision to use a noncompetitive examination appears to be a violation of the Ohio Constitution, state and local law, and the City's Charter.

**{¶38}** Therefore, the first and second assignments of error are sustained.

<u>Conclusion</u>

**{¶39}** Based on the foregoing, we reverse the trial court's judgment and remand the matter to the trial court with instructions to consider the merits of Local 93's motion for summary judgment consistent with this opinion.[3]

**{¶40}** Accordingly, judgment is reversed, and the matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR

_____

[3] At appellate oral argument, both parties conceded that they were not challenging the positions already filled by the City's noncompetitive examination process. *Moore,* 12 Ohio St.3d 173, 465 N.E.2d 1293 (1984).