THE STATE EX REL. DEITER ET AL., APPELLANTS,
*v.* MCGUIRE, CHIEF, ET AL., APPELLEES.

[Cite as *State ex rel. Deiter v. McGuire,*
**119 Ohio St.3d 384, 2008-Ohio-4536.**]

(No. 2008–0720—Submitted August 26, 2008—Decided September 18, 2008.)

───────────

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of quo warranto to oust a police chief and a writ of mandamus to compel a competitive

promotional examination for police chief. Because the court of appeals erred in dismissing the petition, we reverse the judgment and remand the cause for further proceedings.

## Competitive Promotional Examination for Police Chief

{¶ 2} In 2004, appellee city of Fostoria, Ohio, terminated the employment of its police chief, Dennis Day. Pursuant to R.C. 124.44, appellees Fostoria and the Fostoria Civil Service Commission conducted a competitive promotional examination for police chief. Phil Hobbs and appellant James Deiter took the examination, and Hobbs was the only one who passed it.

{¶ 3} The city and its civil service commission appointed Hobbs as acting police chief, but Hobbs declined their offer to be appointed to the vacant, full-time police chief position.

## Suspension of Competitive–Examination Requirement and Appointment of New Police Chief

{¶ 4} After Hobbs declined to be appointed the permanent police chief, the civil service commission suspended the competitive-examination requirement of R.C. 124.44 and adopted revised job criteria for the police chief position. In February 2006, the city and civil service commission hired appellee John McGuire, who was not an employee of the city's police department, as its chief of police.

## Association Suit for Injunctive and Declaratory Relief

{¶ 5} Before the hiring of Police Chief McGuire, the Ohio Patrolmen's Benevolent Association, which is the collective-bargaining representative for the officers of the Fostoria Police Department, filed an action for injunctive and declaratory relief in the Seneca County Court of Common Pleas. The association requested that the civil service commission abide by R.C. 124.44 and conduct a competitive promotional examination to fill the vacant police chief position.

{¶ 6} In January 2006, the common pleas court denied the association's request for injunctive and declaratory relief. The court held that a competitive examination for the existing officials was impracticable to fill the police chief position and that the position could best be filled by a "designated person of high and recognized attainments in qualities of scientific, managerial, professional or educational character," which justified suspension of the competitive-examination requirements of R.C. 124.44 under R.C. 124.30.

## Appeal of Common Pleas Court Judgment

{¶ 7} The association appealed the common pleas court's judgment, and the Court of Appeals for Seneca County held that the civil service commission had not "demonstrated the exceptional circumstances necessary to justify a suspen-

sion of the competitive examination pursuant to R.C. 124.30." *Ohio Patrolmen's Benevolent Assn. v. Fostoria Civ. Serv. Comm.*, Seneca App. No. 13–06–03, 2006-Ohio-4193, 2006 WL 2337601, ¶ 14. The court of appeals held that the common pleas court's judgment was against the manifest weight of the evidence, reversed the judgment, and remanded the cause for further proceedings consistent with its opinion. Id. We did not accept the city and the civil service commission's appeal for review. *Ohio Patrolmen's Benevolent Assn. v. Fostoria Civ. Serv. Comm.*, 112 Ohio St.3d 1442, 2007-Ohio-152, 860 N.E.2d 767.

### Common Pleas Court Decision on Remand

{¶ 8} In May 2007, the common pleas court entered its judgment on remand. The common pleas court held:

{¶ 9} "1. No authority presently exists for this Court to remove Fostoria Police Chief John McGuire.

{¶ 10} "2. The City of Fostoria and the City of Fostoria Civil Service Commission are not allowed to suspend the use of competitive examinations for filling vacancies in their police department as required by R.C. Section 124.44 which occurred prior to January 1, 2007 unless new or additional facts have arisen since October 10, 2005 to allow the suspension of such requirements pursuant to R.C. Section 124.30.

{¶ 11} "3. If necessary, the Fostoria Civil Service commission shall conduct competitive examinations required by R.C. Section 124.44 for any vacancy in the Fostoria Police Department which vacancy occurred prior to January 1, 2007."

{¶ 12} In a subsequent meeting of the civil service commission, the association requested that the commission remove Police Chief McGuire from office and offer a competitive examination to the current police officers to fill the vacancy. The commission refused the association's request and decided that the common pleas court's decision authorized the commission to do nothing and allow Police Chief McGuire to continue in his position.

### Petition for Writs of Quo Warranto and Mandamus

{¶ 13} In July 2007, appellants, James Deiter, William Brenner, Clayton Moore, and Jeff Huffman, filed a petition in the Court of Appeals for Seneca County. Appellants are employees of the Fostoria Police Department, with Deiter and Brenner at the rank of captain, Moore at the rank of sergeant, and Huffman at the rank of patrol officer. They named appellees, Fostoria, Fostoria Civil Service Commission, and Police Chief McGuire as respondents. Appellants sought a writ of quo warranto to oust McGuire from the office of Fostoria Chief of Police and a writ of mandamus to compel the city and its civil service commission to comply with R.C. 124.44 by offering the officers of the Fostoria

Police Department as it existed on October 3, 2005, a competitive examination for promotion to police chief. Appellees filed a Civ.R. 12(B)(6) motion to dismiss the petition for failure to state a claim upon which relief can be granted. In their motion, they claimed that appellants lacked standing to bring their quo warranto claim and that their mandamus claim lacked merit because of the recently adopted Fostoria Charter.

{¶ 14} The court of appeals granted appellees' motion and dismissed the petition.

{¶ 15} This cause is now before the court on appellants' appeal as of right.

## Civ.R. 12(B)(6) Standard

{¶ 16} Appellants assert that the court of appeals erred in dismissing their petition for writs of quo warranto and mandamus for failure to state a claim upon which relief can be granted. Dismissal under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations are presumed true and all reasonable inferences are made in appellants' favor, it appears beyond doubt that they could prove no set of facts entitling them to the requested extraordinary relief in quo warranto and mandamus. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10; see also *State ex rel. Weaver v. Ohio Adult Parole Auth.*, 116 Ohio St.3d 340, 2007-Ohio-6435, 879 N.E.2d 191, ¶ 8 ("Dismissals of mandamus actions based upon the existence of an adequate remedy in the ordinary course of law are appropriate as long as it appears beyond doubt that relator can prove no set of facts warranting relief").

{¶ 17} We must determine whether the court of appeals correctly held that appellants can prove no set of facts entitling them to the requested writs of quo warranto and mandamus. The court of appeals further held that appellants had had an adequate remedy in the ordinary course of law since their union could have appealed from the common pleas court's final order on remand in the union's action for injunctive and declaratory relief. The court of appeals held that its previous opinion in *Ohio Patrolmen's Benevolent Assn.*, 2006-Ohio-4193, 2006 WL 2337601, had been rendered moot by the city's adoption of a charter, which superseded the competitive-examination procedure in R.C. 124.44.

## Quo Warranto

{¶ 18} Appellants seek a writ of quo warranto to oust Police Chief McGuire. As noted previously, the court of appeals held that appellants had had an adequate remedy in the ordinary course of law through an appeal by their collective-bargaining representative—the association—from the common pleas court's decision on remand in the association's action for injunctive and declaratory relief.

{¶ 19} The court of appeals is correct that "[e]xtraordinary writs like quo warranto provide extraordinary, not alternative remedies, and they will not lie where there exists an adequate remedy in the ordinary course of law." *State ex rel. Johnson v. Talikka* (1994), 71 Ohio St.3d 109, 110, 642 N.E.2d 353. "The alternate remedy must be complete, beneficial, and speedy in order to be an adequate remedy at law." *State ex rel. Beane v. Dayton,* 112 Ohio St.3d 553, 2007-Ohio-811, 862 N.E.2d 97, ¶ 31.

{¶ 20} The association's action for injunctive and declaratory relief and any motion by appellants to intervene and appeal therefrom, however, did not constitute an adequate remedy in the ordinary course of law, because the alternate actions would not have provided a complete remedy to appellants on their quo warranto claim to oust Police Chief McGuire. That is, a ruling in the association's favor in their action would not have resulted in McGuire's ouster. In fact, it is well settled that "quo warranto is the exclusive remedy by which one's right to hold a public office may be litigated." *State ex rel. Battin v. Bush* (1988), 40 Ohio St.3d 236, 238–239, 533 N.E.2d 301; *State ex rel. Hogan v. Hunt* (1911), 84 Ohio St. 143, 95 N.E. 666, paragraph one of the syllabus.

{¶ 21} Appellees assert that the quo warranto claim lacks merit for the additional reason that appellants lack standing because they cannot reasonably claim to be entitled to be police chief. The court of appeals did not rely on this argument to dismiss the claim, but we consider it because "[r]eviewing courts are not authorized to reverse a correct judgment on the basis that some or all of the lower court's reasons are erroneous." *State ex rel. McGrath v. Ohio Adult Parole Auth.,* 100 Ohio St.3d 72, 2003-Ohio-5062, 796 N.E.2d 526, ¶ 8.

{¶ 22} Appellees' argument, however, lacks merit. R.C. 2733.08 provides, "When an action in quo warranto is brought against a person for usurping an office, the petition shall set forth the name of the person claiming to be entitled to the office, with an averment of his right thereto. *Judgment may be rendered* upon the right of the defendant, and also on the right of the person averred to be so entitled, or *only upon the right of the defendant, as justice requires.*" (Emphasis added.) Therefore, as we have long recognized, appellants' potential failure to establish their entitlement to be appointed police chief does not necessarily preclude a writ of quo warranto to oust Police Chief McGuire. *State ex rel. Newell v. Jackson,* 118 Ohio St.3d 138, 2008-Ohio-1965, 886 N.E.2d 846, ¶ 8; *State ex rel. Myers v. Brown* (2000), 87 Ohio St.3d 545, 547, 721 N.E.2d 1053 ("If a relator in a *quo warranto* proceeding fails to establish entitlement to the office, judgment may still be rendered on the issue of whether respondent lawfully holds the disputed office"); *State ex rel. Ethell v. Hendricks* (1956), 165 Ohio St. 217, 226, 59 O.O. 298, 135 N.E.2d 362 ("it is apparent that Section 2733.08 recognizes that a relator's proof may fail in regard to one element and yet

succeed with respect to the other, and provides that in such instance the court, as representative of the state, shall step in and render whatever decision is required by justice"); see also *Reed v. Rudnick* (Dec. 13, 1995), Darke App. No. CA 1368, 1995 WL 737911, in which a court of appeals granted a writ of quo warranto to oust a police chief and a writ of mandamus to compel a city's civil service commission to conduct a new promotional examination for the position.

{¶ 23} Therefore, the court of appeals erred in dismissing appellants' quo warranto claim.

## Mandamus Claim

{¶ 24} The court of appeals also dismissed appellants' claim for a writ of mandamus to order a competitive promotional examination for police chief because appellants had an adequate remedy at law through the association's action for injunctive and declaratory relief and an appeal from the common pleas court's judgment on remand in that case.

{¶ 25} Again, however, that case did not provide an adequate remedy in the ordinary course of law, because it would not have been a complete remedy to appellants unless it had been coupled with ancillary extraordinary relief in the nature of a mandatory injunction to compel appellants to administer a competitive promotional examination for police chief. See, e.g., *State ex rel. N. Main St. Coalition v. Webb*, 106 Ohio St.3d 437, 2005-Ohio-5009, 835 N.E.2d 1222, ¶ 42; *State ex rel. Fattlar v. Boyle* (1998), 83 Ohio St.3d 123, 125, 698 N.E.2d 987.

{¶ 26} The court of appeals also held that because of the adoption of the Fostoria Charter, any vacancy in the police chief position caused by the ouster or retirement of McGuire would be governed by the applicable charter provision, which does not require a competitive promotional examination pursuant to R.C. 124.44. See Fostoria Charter, Section 7.01. The charter, however, became effective on the date that the November 7, 2006 election was certified. Id. at Section 12.01. The charter provisions did not apply retroactively to a vacancy that should have been filled in accordance with the law in effect before the charter became effective. See *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 73, 647 N.E.2d 769, citing *State ex rel. Mirlisena v. Hamilton Cty. Bd. of Elections* (1993), 67 Ohio St.3d 597, 600, 622 N.E.2d 329 (plurality opinion) (the "constitutional prohibition against retroactive laws is equally applicable to charter amendments"). In fact, Section 11.03(A) of the Fostoria Charter specifies that "[t]he adoption of this Charter shall not affect any pre-existing rights of the City nor any right, liability, pending suit or prosecution, either on behalf of or against the City or any officer thereof."

{¶ 27} Therefore, the court of appeals erred in dismissing appellants' mandamus claim.

## Res Judicata

{¶ 28} The court of appeals' opinion and the parties' merit briefs refer to the court's dismissal of a previous petition filed by the same appellants for the same writs, but appellees have not yet properly raised the defense of res judicata. See, e.g., *Jim's Steak House, Inc. v. Cleveland* (1998), 81 Ohio St.3d 18, 20–21, 688 N.E.2d 506 (affirmative defense of res judicata is waived if it is not raised in a responsive pleading). Similarly, appellees' claim on appeal that the association's action for declaratory and injunctive relief barred appellants' quo warranto and mandamus claims based on res judicata also was not properly raised in the court of appeals. Id. Nothing in our opinion bars appellees from raising res judicata based on the previously filed writ action or action for declaratory and injunctive relief in a proper pleading on remand.

## Conclusion

{¶ 29} After construing the material facts of appellants' petition and all reasonable inferences therefrom most strongly in their favor, it appears that they can prove a set of facts upon which they would be entitled to the requested writs of quo warranto and mandamus. Therefore, we reverse the judgment of the court of appeals dismissing appellants' petition and remand the cause for further proceedings.

Judgment reversed
and cause remanded.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, and LANZINGER, JJ., concur.

PFEIFER and O'DONNELL, JJ., dissent.

CUPP, J., not participating.

---

**PFEIFER, J., dissenting.**

{¶ 30} I do not quarrel with the majority's technical analysis of the great writs, but that legal analysis resolves nothing. The citizens of Fostoria appear to have already addressed the merits of the issue by adopting a city charter that allows the selection of a police chief without a civil service exam. This litigation has gone on far too long; it's time to stop the music and the legal fees. I would affirm the court of appeals' dismissal.

---

**O'DONNELL, J., dissenting.**

{¶ 31} I respectfully dissent. I would affirm the judgment of the court of appeals to dismiss this action for two reasons.

{¶ 32} First, the relators lack standing to petition for a writ of quo warranto because they did not pass the competitive promotional examination for chief of police. Second, and most compelling, is the fact that the matter is wholly moot, inasmuch as Fostoria has resolved this issue by adopting a charter that now permits a chief of police to be appointed without a civil service promotional examination. This is exactly the means by which Chief McGuire achieved the position of chief of police.

{¶ 33} For these reasons, I dissent from the conclusion reached by the majority.

———

Allotta, Farley & Widman Co., L.P.A., Marilyn L. Widman, and William D. Brady, for appellants.

Spengler Nathanson, P.L.L., Lisa E. Pizza, and David M. Smigelski, for appellees.

Manahan, Pietrykowski, Delaney & Wasielewski and Larry P. Meyer, for appellees city of Fostoria and Police Chief John McGuire.

Timothy J. Hoover, Fostoria Law Director, for appellee Fostoria Civil Service Commission.