[Cite as *State ex rel. Ghoubrial v. Summit Cty. Court of Common Pleas*, 2020-Ohio-470.]

STATE OF OHIO       )  
                    )ss:  
COUNTY OF SUMMIT    )

IN THE COURT OF APPEALS  
NINTH JUDICIAL DISTRICT

STATE OF OHIO EX REL. SAM N.  
GHOUBRIAL, M.D., ET AL.

    Relators

    v.

SUMMIT COUNTY COURT OF  
COMMON PLEAS, ET AL.

    Respondents

C.A. No.     29458

ORIGINAL ACTION IN  
PROHIBITION

Dated: February 12, 2020

---

PER CURIAM.

{¶1}  Relators, Dr. Sam Ghoubrial and Julie Ghoubrial, filed a petition for a writ of prohibition to prevent respondents, Judge James Brogan, Magistrate Patricia Himelrigh, and the Summit County Common Pleas Court, from ordering Ms. Ghoubrial to file a copy of her deposition, given in the Ghoubrials' divorce case, under seal in a pending civil case. Judge Brogan, Magistrate Himelrigh, and the Summit County Common Pleas Court, collectively referred to as Judge Brogan, moved to dismiss and the Ghoubrials responded. The plaintiffs in the underlying civil case also moved to intervene. For the following reasons, we grant the motion to dismiss.

**Requirements for Writ of Prohibition and Motion to Dismiss**

{¶2}  Generally, for this Court to issue a writ of prohibition, the Ghoubrials must establish that: (1) Respondents are about to exercise judicial power, (2) the exercise of

that power is unauthorized by law, and (3) the denial of the writ will result in injury for which no other adequate remedy exists. *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997). There is no dispute that Respondents have and will continue to exercise judicial power.

{¶3} "[T]he purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). A writ of prohibition "tests and determines solely and only the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988).

{¶4} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relators can prove no set of facts that would entitle them to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7. With this standard in mind, we begin with the facts alleged in the complaint.

## Facts Alleged in the Complaint

{¶5} The complaint details the history of two Summit County Common Pleas Court cases. This prohibition action arises as a result of the intersection of those two matters.

*The Divorce Case*

{¶6} Ms. Ghoubrial filed for divorce from her husband, Dr. Ghoubrial. Judge Quinn, not a party in this action, presided over the divorce. During the divorce case, Judge Quinn entered an order titled "CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER." It stated that the Ghoubrials had agreed that all documents, testimony, and information produced or provided by a group of designated parties would be confidential if one of the designating parties designated the item as "Confidential Information." The order further provided that any party could object to the designation, the parties could attempt to resolve the dispute and, if they could not, the objecting party could move the court for an appropriate order.

{¶7} Judge Quinn's order also contained a provision related to disclosure of Confidential Information to outside sources. It stated that if disclosure of Confidential Information is sought pursuant to, among other methods, subpoena or court order, the party must notify the designating party of the request for disclosure and the designating party could then seek to prevent disclosure by filing a motion for a protective order with the Domestic Relations Court or by taking other appropriate action in any other court with jurisdiction. This provision concluded that "the Confidential Information shall not be disclosed until the issue is resolved by order of the appropriate court unless required by the law or Court Order."

{¶8} A later provision in this order provides that any producer or party may designate information or testimony given during a deposition as confidential if that

designation is made within 15 days of the date the deposition transcript is received by the party. This section requires that all parties receive notice and then the confidential portion of the transcript shall be marked "Confidential Information." After this order was entered, Dr. Ghoubrial deposed Ms. Ghoubrial.

{¶9} Following his deposition of Ms. Ghoubrial, Dr. Ghoubrial moved to have the deposition sealed. Judge Quinn, over Ms. Ghoubrial's objection, ordered that the deposition remain under seal, that it only be used by the parties to the action, and that it be marked as confidential and subject to the protective order described above. The order concluded that the deposition could only be used by the parties for purposes of the divorce and for no other purposes.

*The Civil Case*

{¶10} While the divorce case continued in the Domestic Relations Division, a proposed class action civil case, which named Dr. Ghoubrial as one of several defendants, proceeded in the general division of the Summit County Common Pleas Court. *Williams, et al. v. Kisling, Nestico & Redick LLC, et al.*, Summit C.P. No. CV-2016-09-3928. During the course of that litigation, the putative class members sought to depose Ms. Ghoubrial and they sought a copy of her deposition transcript from the Domestic Relations Court case. The Ghoubrials attempted to prevent both. While the new deposition was postponed, the Civil Case Plaintiffs made a number of attempts to obtain a copy of the deposition and the Ghoubrials resisted those efforts.

{¶11} According to the complaint, Judge Brogan suggested that the Civil Case Plaintiffs could attempt to intervene in the Divorce Case in an effort to challenge the

protection order or to compel disclosure of the deposition transcript for in camera review. The Civil Case Plaintiffs moved to intervene, but Judge Quinn denied the motion.

{¶12} The Civil Case Plaintiffs then served a subpoena duces tecum on Ms. Ghoubrial. Dr. Ghoubrial moved to quash the subpoena, which Judge Brogan denied, but he did postpone Ms. Ghoubrial's deposition and response date. Judge Brogan also assigned Magistrate Himelrigh to the case.

{¶13} Magistrate Himelrigh, after review of the parties' motions and responses, ordered Ms. Ghoubrial to provide the Domestic Relations Court case deposition for in camera review. The Ghoubrials moved to set aside the Magistrate's Order. Judge Brogan denied that motion. He ordered Ms. Ghoubrial to file, under seal, a copy of the deposition. He noted that he would not review it until after he ruled on a pending class certification issue.

{¶14} According to the complaint, Dr. Ghoubrial filed another motion in the civil case challenging Judge Brogan's order to produce the deposition transcript. Judge Brogan denied that motion and again wrote that he would not review the deposition transcript until he ruled on the class certification question.

{¶15} The Ghoubrials moved for clarification about Judge Brogan's "jurisdiction and authority to order [Ms. Ghoubrial], a non-party, to produce her confidential deposition transcript in violation of Judge Quinn's Confidentiality Order." In response, Judge Brogan ordered Ms. Ghoubrial "to produce a hard copy of her deposition transcript in a sealed envelope to the Court for filing under seal subject to the Court's Protective Order within seven days of the date of this Order."

{¶16} The Ghoubrials then filed their petition for writ of prohibition. The Respondents moved to dismiss and the Ghoubrials responded in opposition to the motion to dismiss. The Civil Case Plaintiffs also moved to intervene in this action.

{¶17} As noted above, when this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *Seikbert* at 490. A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relators can prove no set of facts that would entitle them to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7.

{¶18} Viewing the allegations of the complaint in the light required by Civ.R. 12(B)(6), the Ghoubrials' complaint does not state a claim for prohibition upon which relief can be granted. Unless a trial court patently and unambiguously lacks jurisdiction, a court having general jurisdiction of the subject matter has the authority to determine its own jurisdiction to hear a cause, and the party challenging the court's jurisdiction has an adequate remedy through an appeal. *Brooks v. Gaul*, 89 Ohio St.3d 202, 203 (2000).

{¶19} The Ghoubrials, apparently recognizing that they must allege Respondents lack jurisdiction, argued that Judge Brogan improperly acted in violation of the Domestic Relations Court's jurisdiction. Respondents argued in their motion to dismiss that this was a discovery dispute within their jurisdiction. In their response to the motion to dismiss, the Ghoubrials disagreed with that description and explained the basis for their petition: "Relators filed their Writ because Respondents lack jurisdiction to collaterally

attack a prior Order of the Domestic Relations Court expressly prohibiting Relator Julie Ghoubrial from producing the deposition transcript at issue."

{¶20} The complaint, and response to the motion to dismiss, focus on what the Ghoubrials refer to as an improper exercise of jurisdiction by Respondents. They contend that Judge Brogan's order leaves Ms. Ghoubrial no alternative but a writ of prohibition to challenge Judge Brogan's order that she file the deposition transcript in violation of the Domestic Relations Court's order.

{¶21} The Ghoubrials have characterized this as a jurisdictional issue, as they must for a writ of prohibition. There is no dispute, however, that Judge Brogan, Magistrate Himelrigh, and the Summit County Common Pleas Court have jurisdiction over the underlying civil case. The Ghoubrials, therefore, focus on a narrower issue: does the Domestic Relations Court's order deprive Respondents of jurisdiction over the discovery involving the deposition transcript. It does not.

### Respondents have jurisdiction

{¶22} The question the Ghoubrials presented is not a question of Respondents' subject matter jurisdiction. Subject matter jurisdiction concerns a court's power to hear and decide a case on the merits. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75, 1998-Ohio-275, citing *Morrison v. Steiner*, 32 Ohio St.2d 86 (1972), paragraph one of the syllabus. Subject matter jurisdiction refers to the power of the court, not to the rights of the parties. *Suster* at 75, citing *Executors of Long's Estate v. State*, 21 Ohio App. 412, 415 (1st Dist.1926)

{¶23} The Ghoubrials' allegation *may* give rise to a claim of trial court error, but it does not concern Respondents' jurisdiction, as required to grant a writ of prohibition. As the Supreme Court has recognized, "there are many cases in which a court lacks the legal authority to grant the relief sought but nevertheless has subject-matter jurisdiction to hear the case." *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, ¶ 14, citing, *State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 656 (1995) ("the fact that [a judge] may have exercised that jurisdiction erroneously does not give rise to extraordinary relief by prohibition").

{¶24} The Ghoubrials alleged that the Domestic Relations Division's order regarding the deposition deprived the general division of jurisdiction to act regarding that deposition. In part, they rely on R.C. 2301.03, which established a domestic relations division in the Summit County Court of Common Pleas that was established to hear divorce cases. They argue that orders entered by a court with exclusive jurisdiction are not subject to collateral attack by another court. Finally, they allege that the jurisdictional priority rule applies to deprive Respondents of jurisdiction

{¶25} We begin with the jurisdictional priority rule. Under that rule, "[a]s between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties." *State ex rel. Phillips v. Polcar*, 50 Ohio St.2d 279 (1977), syllabus. The rule generally requires the claims and parties to be the same in both cases; if the second case is not for the same cause of action, and not between the same parties, the jurisdictional priority rule does not

apply. *State ex rel. Hasselbach v. Sandusky Cty. Bd. of Elections*, Slip Opinion No. 2019-Ohio-3751. Because the causes of action and parties are not the same in the Domestic Relations Court case and the civil case, the jurisdictional priority rule does not apply.

{¶26} We next consider whether Respondents have collaterally attacked the discovery orders entered in the Divorce Case. The case upon which the Ghoubrials rely, *Tari v. State*, 117 Ohio St. 481, 494 (1927), does not stand for the proposition they contend. *Tari* simply states that a voidable judgment must be challenged by direct attack. *Id.* ("If it was voidable, it is not a mere nullity, but only liable to be avoided by a direct attack and the taking of proper steps to have its invalidity declared.").

{¶27} The Ghoubrials alleged throughout their complaint, and the motions they filed in the trial court and attached to their complaint, that Judge Brogan could not collaterally attack the protection order issued in the Divorce Case. They apparently equated his order that Ms. Ghoubrial file the deposition transcript under seal as a "collateral attack" on Judge Quinn's order. But it is not.

{¶28} Judge Brogan ordered the deposition transcript to be filed, under seal, for in camera review. Judge Brogan recognized the import of Judge Quinn's order and respected it by ordering the transcript to be filed under seal. According to Judge Brogan's order, only he would review the deposition transcript.

{¶29} The Ghoubrials also contended that Judge Brogan's order requiring Ms. Ghoubrial to file the deposition transcript under seal put her in the position of either violating Judge Brogan's order or Judge Quinn's order. We disagree with that argument and conclude that the Ghoubrials also have an adequate remedy at law.

{¶30}  Judge Quinn issued two orders related to discovery in the Divorce Case. The first order was titled "CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER."  This order was prepared and filed before Ms. Ghoubrial's deposition that is the subject of this action, but it specifically applies to materials produced before or after the order was entered.

{¶31}  The first order includes procedures for a party to ask the court in the Divorce Case to order that specific discovery material or testimony given in a deposition is "Confidential Information."  The order further provides that discovery which is marked as "Confidential Information" shall be produced only to counsel for a party, only be used in the divorce action, and not be disclosed to any person or entity.  The order includes a list of exceptions to this blanket prohibition on disclosure including attorneys, the parties, employees of attorneys, mediators, and court personnel in connection with the trial of the divorce.

{¶32}  While the list of exceptions would not apply to Judge Brogan in the civil case, the next section of the order provided a roadmap for the parties to follow.  Section 5 of the Divorce Case order states that if disclosure is sought of Confidential Information from anyone covered by the order (i.e. Ms. Ghoubrial) by subpoena, demand by governmental authority, court order, or other legal process, the person must take several steps.  The person must notify the other party (Dr. Ghoubrial) and then may move for a protective order in domestic relations court.  The person may also take action in any other court with jurisdiction.

{¶33} Judge Quinn's second order, filed after Ms. Ghoubrial's deposition, orders that Ms. Ghoubrial's deposition transcript remain under seal of the Domestic Relations Court, shall only be used by the parties to the divorce case, shall be marked as confidential, and shall be "subject to the Protective Order previously executed by the parties and filed with this Court." The final provision of the second order states that the deposition transcript shall only be used by the parties and counsel for the limited purposes of the "divorce case and for no other purposes of any kind or nature."

{¶34} The second order flowed from the first. Ms. Ghoubrial's deposition occurred after the first order. Dr. Ghoubrial moved to have the deposition marked as Confidential Information and Judge Quinn granted that order over Ms. Ghoubrial's objection. The second order states that the deposition is subject to the first order and the first order explains what a party, like Ms. Ghoubrial, should do when confronted with a court order to disclose Confidential Information.

{¶35} According to Section 5 of the first order, when Respondents ordered Ms. Ghoubrial to file the deposition in the civil case, she should have notified Dr. Ghoubrial, the Designating Party, who could then have sought to prevent disclosure by filing a motion for protective order with the court. If Dr. Ghoubrial made that motion, Ms. Ghoubrial could not disclose the Confidential Information "until the issue is resolved by order of the appropriate court *unless required by the law or Court Order*." (emphasis added).

{¶36} According to the complaint, Dr. Ghoubrial did not file a motion with the Domestic Relations Court to seek protection after Judge Brogan ordered the deposition

to be filed under seal. Dr. Ghoubrial and Ms. Ghoubrial filed several motions with Respondents in the underlying civil case in repeated attempts to convince Judge Brogan to change his order. Relators did not, however, take advantage of the remedy available to them in their own protective order in the Divorce Case.

{¶37} Even if the Ghoubrials had filed a motion in the Divorce Case, they ignore that the Domestic Relations Court's order includes a provision which authorizes release of confidential information required by "Court Order." Judge Brogan entered numerous court orders regarding the release of the confidential information, and, according to the terms of the Domestic Relations Court's order set forth above, Ms. Ghoubrial could disclose the confidential information.

### Conclusion

{¶38} Considering the allegations in the complaint as true, we must conclude that Judge Brogan, Magistrate Himelrigh, and the Summit County Common Pleas Court do not patently and unambiguously lack jurisdiction. In light of this Court's conclusion that prohibition is not warranted, the Civil Case Plaintiffs' motion to intervene is denied.

{¶39} Because the Ghoubrials cannot prevail on the facts they alleged, the petition is dismissed. Costs of this action are taxed to Relators. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

BRADLEY J. BARMEN and GARY M. ROSEN, Attorneys at Law, for Relators.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Respondent.

PETER PATTAKOS and RACHEL HAZELET, Attorneys at Law, for Intervenors.