[Cite as *Summit Cty. Children Servs. v. Stucki*, 2021-Ohio-4584.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SUMMIT COUNTY CHILDREN
SERVICES

    Relator

    v.

SUMMIT COUNTY JUVENILE JUDGE
DAVID E. STUCKI

    Respondent

C.A. No.      29911

ORIGINAL ACTION IN PROCEDENDO
AND PROHIBITION

Dated: December 29, 2021

PER CURIAM.

{¶1} Relator, Summit County Children Services ("SCCS" or "the agency"), has filed a Complaint for Writ of Prohibition and for Procedendo, as well as a Motion for Stay. SCCS seeks a writ of prohibition to prevent Respondent, Judge David E. Stucki, from (1) requiring the agency to contract with a court-appointed evaluator, and (2) holding the agency's Executive Director in contempt for not complying with his order. SCCS seeks a writ of procedendo to compel Judge Stucki to hold an evidentiary hearing. Additionally, SCCS seeks a stay of Judge Stucki's order and any contempt proceedings pending a ruling upon its complaint. Judge Stucki has moved to dismiss the complaint, SCCS has responded in opposition to the motion to dismiss, and Judge Stucki has filed a reply. This Court also has received a Motion for Emergency Ruling on Contempt Issue and Remand to the Trial Court. That motion has been filed by one of the parties in the underlying juvenile court case that led to this original action. SCCS has responded to the

Motion for Emergency Ruling by filing a Motion to Strike. For the following reasons, this Court grants the motion to dismiss and denies all other outstanding motions.

**Reviewing the Motion to Dismiss and the Materials Attached Thereto**

{¶2} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7.

{¶3} "Typically, 'courts cannot rely on evidence or allegations outside the complaint to decide a Civ.R. 12(B)(6) motion to dismiss.'" *State ex rel. Evans v. Mohr*, 155 Ohio St.3d 579, 2018-Ohio-5089, ¶ 6, quoting *Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, ¶ 11. If a motion to dismiss depends on extrinsic evidence, a court generally must "convert the motion to dismiss into a motion for summary judgment and provide the opposing party with notice and an opportunity to respond." *Jefferson* at ¶ 12. However, "'[m]aterial incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss.'" *State ex rel. Peoples v. Schneider*, 159 Ohio St.3d 360, 2020-Ohio-1071, ¶ 9, quoting *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249 (1997), fn. 1. Moreover, "a court may take notice of the docket and record in a closely related case to determine whether the current complaint states a claim for relief." *State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, ¶ 18.

{¶4} Judge Stucki attached to his motion to dismiss (1) journal entries that he and his predecessor issued in the underlying juvenile court case in this matter, (2) a motion filed by the

father in the underlying juvenile court case, (3) a prior appellate decision that this Court issued in the underlying juvenile court case, and (4) a prior decision that this Court issued in response to a writ of mandamus filed by the father in the juvenile court case. SCCS referred to this Court's prior appellate decision and prior mandamus decision in its complaint. Additionally, the juvenile court orders that SCCS attached to its complaint refer to those decisions. Because this Court's prior decisions are incorporated into the agency's complaint, we will consider them in ruling on Judge Stucki's motion to dismiss and the agency's complaint. *See State ex rel. Peoples* at ¶ 9. To the extent Judge Stucki attached other materials to his motion and to the extent SCCS attached additional materials to its response, this Court need not determine whether those materials are reviewable in the context of a motion to dismiss, as they are not dispositive to our review.

## Background

{¶5} According to the complaint and this Court's prior decisions, SCCS initiated an abuse and dependency action that led to three children being adjudicated dependent, placed in their mother's legal custody, and placed under the agency's protective supervision. The children's father later sought a reallocation of custody and moved to modify the case plan to address his concerns about parental alienation by the mother. Meanwhile, SCCS filed a motion to terminate its protective supervision. The juvenile court scheduled the matter for final hearing and did not rule upon the father's motion to modify the case plan before the hearing. Instead, the father presented evidence of parental alienation at the final hearing. When the hearing concluded, the juvenile court denied the father's motion to modify the case plan, as well as his other pending motions, and granted the agency's motion to terminate protective supervision. The father then appealed from that judgment.

{¶6}    On appeal, the father argued that the juvenile court had erred by proceeding to final judgment without first addressing his motion to modify the case plan to include an assessment to address parental alienation by the mother.  This Court agreed and determined that "the juvenile court should have at a minimum considered the merits of [the father's] motion to modify the case plan at a time when any issue could still be addressed to effect the primary goals of supportive services * * *." *In re M.B.*, 2019-Ohio-3166, at ¶ 26.  We noted that "the proper procedure would have been for the juvenile court to fully consider whether a case plan amendment was warranted in a separate hearing in advance of the final dispositional hearing." *Id.*  This Court sustained the father's argument, reversed the judgment of the juvenile court, and remanded the matter for further proceedings.  *Id.* at ¶ 28.

{¶7}    According to the complaint and attachments thereto, on remand, the juvenile court ordered that the case plan be amended "to require an assessment to determine if the children have rejected their father due to parental alienation * * *."  The juvenile court further ordered the parties to submit for its consideration the names of evaluators who might assess the children, updated financial statements regarding their ability to pay for the evaluator, and any arguments they might have as to the apportionment of the evaluator's fees.  When the father, the mother, and SCCS responded, there was a "mutual exclusion" of the evaluators that each of the parties had proposed.  The juvenile court found that the exclusion "limit[ed] [it] to find[ing] an appropriate expert, far outside the greater Summit County, Ohio area, not listed by any of the parties."  The juvenile court appointed an evaluator with offices in California and Hawaii and ordered the parties to "contact [the evaluator] and [make] necessary arrangements for payment of his fees and expenses within 14 days of the date of [the court's] order."  The juvenile court indicated that the evaluator should clinically assess and/or treat the children for parental

alienation through "whatever type of assessment his expertise would dictate" so as to provide the parties and the court "insight on how to best provide Case Plan and other services to these children to assist in their development and to provide for their best interests." The juvenile court indicated that the father and the mother would each be responsible for paying 10% of the evaluator's fees and costs and SCCS would be responsible for the remaining 80%. In doing so, the juvenile court rejected several arguments that SCCS raised regarding the court's authority to order the agency to pay a portion of the evaluator's fees. The juvenile court indicated that a failure to timely comply with its orders might constitute a basis for a future finding of contempt.

{¶8} According to the complaint, SCCS contacted the evaluator's practice to gather information about his fees and licensing. SCCS determined that the evaluator might not be able to obtain a temporary license to practice in Ohio and, in any event, that the costs and fees of his services would be approximately $60,000. SCCS filed another motion to terminate protective supervision, a motion to modify the juvenile court's selection of the evaluator, and a motion to modify the allocation of responsibility for his costs and fees. Additionally, the father filed a motion in which he asked the juvenile court to designate a different expert.

{¶9} The complaint alleges that the juvenile court scheduled the matter for a hearing on the pending motions, but the hearing never occurred. It was rescheduled several times due to COVID-19 and then continued because the father filed a writ of mandamus in this Court. After this Court denied the writ, the juvenile court scheduled the matter for a status hearing. It also ordered the parties to file written documentation of their compliance with its prior order to contact the evaluator and make financial arrangements for the payment of his costs and fees. SCCS responded by moving for a hearing on all pending motions and requesting a stay of the order for written documentation. Following the agency's filing, the juvenile court issued a journal entry

in which it determined that none of the parties had complied with its previous orders concerning the evaluator. The juvenile court indicated that its orders regarding the evaluator "[were] not changing and no party [had] a legitimate basis to delay their compliance." The juvenile court noted that the matter had been litigated twice before this Court of Appeals without success and that its orders complied with our mandates. Based on the agency's failure to comply with its previous orders, the juvenile court directed the Executive Director of SCCS to appear and show cause as to why she should not be found in contempt. The juvenile court scheduled the contempt hearing for the same day as the status hearing.

{¶10} SCCS has filed a Complaint for Writ of Prohibition and for Procedendo, as well as a Motion to Stay. SCCS asks this Court to prohibit the trial court from ordering it to contract with the evaluator the juvenile court selected and from holding its Executive Director in contempt. Further, SCCS asks this Court to compel the juvenile court to conduct a hearing to receive evidence on the agency's motions and to decide whether an amendment to the case plan would be in the children's best interest. SCCS also asks this Court to stay the orders of the juvenile court until this Court resolves the agency's complaint. We begin by addressing the agency's request for a writ of procedendo.

**Writ of Procedendo**

{¶11} "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532 (1999). To obtain a writ of procedendo, SCCS must establish that it has a clear legal right to require Judge Stucki to proceed, that the judge has a clear legal duty to proceed, and that there is no adequate remedy available in the ordinary course of law. *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, ¶ 9. A writ of procedendo "'"is merely

an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what judgment should be.'"" *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995), quoting *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 600 (1992), quoting *State ex rel. Davey v. Owen*, 133 Ohio St. 96, 106 (1937). Nor does it "lie to control or interfere with ordinary court procedures or process." *State ex rel. St. Sava Servian Orthodox Church of Cleveland v. Riley*, 36 Ohio St.2d 171, 174 (1973).

{¶12} SCCS filed its motions to terminate protective supervision, to modify the selection of the evaluator, and to modify the allocation of responsibility for his costs and fees in February 2020. According to SCCS, those motions remain pending with the juvenile court, and Judge Stucki has failed to hold a hearing on them. SCCS argues that this Court, in the prior appeal and the prior mandamus action, never directed the juvenile court to summarily order an evaluation for parental alienation. It is the agency's position that "the directive from the Court of Appeals was for the Juvenile Court to conduct a hearing on [the] father's request to modify the Case Plan * * *." SCCS asks this Court to issue a writ of procedendo, ordering the juvenile court to hold a hearing (1) to receive evidence on the pending motions, and (2) to determine whether an amendment to the case plan to require an evaluation would be in the best interest of the children.

{¶13} As previously noted, dismissal is appropriate only if it appears beyond doubt from the complaint, viewing all factual allegations as true and making all reasonable inferences in favor of SCCS, that the agency can prove no set of facts warranting relief. *See Goudlock*, 119 Ohio St.3d 389, 2008-Ohio-4787, at ¶ 7. Insofar as the agency seeks a writ of procedendo, this Court must conclude that dismissal of the agency's complaint is warranted. SCCS has not demonstrated a clear legal right to an evidentiary hearing or a clear legal duty on the part of Judge

Stucki to conduct such a hearing. *See State ex rel. Ward* at ¶ 9. Further, SCCS has not demonstrated that a writ of procedendo will lie for the type of relief it seeks herein. *State ex rel. Weiss* at 532.

{¶14} SCCS relies on the prior mandates of this Court to establish its legal right to a hearing and a legal duty on the part of Judge Stucki. It was never the order of this Court, however, that Judge Stucki conduct an evidentiary hearing. Our mandate in the prior appeal was "that the matter [be] remanded for the Juvenile Court to consider the merits of [the father's] motion [to modify the case plan] and whether a case plan amendment was warranted." *State ex rel. A.B. v. Stucki*, 9th Dist. Summit No. 29765, 2020-Ohio-4968, ¶ 23, discussing *In re M.B.*, 2019-Ohio-3166, at ¶ 23. The method that the juvenile court chose to effectuate that mandate was a matter of judicial discretion, and we later determined that Judge Stucki complied with our mandate when he "ordered the [evaluator] to clinically assess and/or treat the children for parental alienation and report his findings to the Court." *State ex rel. A.B.* at ¶ 30. Thus, SCCS has not established that this Court directed the juvenile court to conduct an evidentiary hearing such that a legal duty or right was created.

{¶15} SCCS also has not established that it is entitled to a writ of procedendo because procedendo will not "lie to control or interfere with ordinary court procedures or process." *State ex rel. St. Sava Servian Orthodox Church of Cleveland*, 36 Ohio St.2d at 174. There is no indication in this matter that Judge Stucki has refused to render a judgment or has unnecessarily delayed proceeding to judgment. *See State ex rel. Weiss*, 84 Ohio St.3d at 532. Accordingly, SCCS can prove no set of facts that would entitle it to a writ of procedendo. For the reasons outlined herein, this Court grants Judge Stucki's motion to dismiss the agency's complaint for a writ of procedendo.

**Writ of Prohibition**

{¶16} For a writ of prohibition to issue, a relator must establish that: (1) the respondent is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) the denial of the writ will result in injury for which no other adequate remedy exists. *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997). The third element need not be established if the absence of jurisdiction "is patent and unambiguous." *State ex rel. Drouhard v. Morrow Cty. Bd. of Commissioners*, 161 Ohio St.3d 357, 2020-Ohio-4160, ¶ 18. If subject matter jurisdiction is present and a relator has an adequate remedy at law, however, "prohibition will not issue." *Id.* at ¶ 19. A relator bears the burden of proving its entitlement to a writ of prohibition by clear and convincing evidence. *State ex rel. Federle v. Warren Cty. Bd. of Elections*, 156 Ohio St.3d 322, 2019-Ohio-849, ¶ 10.

{¶17} As previously noted, Judge Stucki selected an evaluator to conduct a clinical assessment and/or treat three children in a dependency action for parental alienation. In doing so, he ordered the parties to arrange for the payment of the evaluator's fees and expenses and he deemed SCCS financially responsible for 80% of those fees and expenses. When the agency failed to set forth evidence that it had complied with Judge Stucki's order, he ordered its Executive Director to appear and show cause as to why she should not be held in contempt.

{¶18} Viewing all factual allegations as true and making all reasonable inferences in favor of SCCS, this Court cannot conclude that the agency has alleged facts showing a patent and unambiguous lack of subject matter jurisdiction on the part of Judge Stucki. *See Goudlock*, 119 Ohio St.3d 389, 2008-Ohio-4787, at ¶ 7. Juvenile courts have subject matter jurisdiction to hear dependency and neglect cases and to determine the custody of any child who is not a ward of another state court. *State ex rel. Brooks v. O'Malley*, 117 Ohio St.3d 385, 2008-Ohio-1118, ¶

8, citing R.C. 2151.23(A)(1) and (A)(2). When SCCS filed its abuse and dependency complaint, it invoked the subject matter jurisdiction of the juvenile court. Accordingly, SCCS is entitled to a writ of prohibition only if it demonstrates that Judge Stucki is about to exercise judicial power in a manner unauthorized by law and that the denial of its writ will result in an injury for which no other adequate remedy exists. See *State ex rel. Jones* at 448.

{¶19} Once again viewing all factual allegations as true and making all reasonable inferences in favor of SCCS, this Court cannot conclude that the agency has alleged facts showing that a denial of its writ will result in an injury for which no other remedy exists. *See Goudlock*, 119 Ohio St.3d 389, 2008-Ohio-4787, at ¶ 7. SCCS argues that it will lack an adequate remedy at law if its Executive Director is held in contempt because, to purge the contempt, the agency will be compelled to contract with the evaluator and expend public funds. It also argues that "[i]t will be difficult to make the parties whole again if criminal penalties have been levied against [its] executive director." This Court shares many of the concerns raised by SCCS. The Supreme Court has recognized, however, that "'[a]ppealing a contempt order is an adequate remedy at law which will result in denial of [a writ of prohibition].'" *State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, ¶ 15, quoting *State ex rel. Wellington v. Kobly*, 112 Ohio St.3d 195, 2006-Ohio-6571, ¶ 29. Moreover, according to the complaint, Judge Stucki has yet to hold the Executive Director in contempt. He has only ordered the Executive Director to appear and show cause as to why the agency has not adhered to his directives. The agency, therefore, will have an opportunity to present evidence and argument at the show cause hearing. Because the show cause hearing and an appeal from any contempt order that issues constitute potential avenues for relief, we cannot conclude that the agency has sufficiently alleged the lack of an adequate remedy at law. *See Goudlock* at ¶ 7. Thus, the agency is not entitled to a writ of prohibition.

{¶20} To summarize, dismissal of the agency's claim for prohibition is warranted because the agency has not sufficiently alleged the lack of an adequate remedy at law should a writ of prohibition fail to issue. This Court cautions that our order should not be read as an endorsement of Judge Stucki's orders or an indication that he has acted within the bounds of the authority afforded him by statute in requiring the agency to contract with and expend public funds on the evaluator he appointed. Again, this Court shares many of the concerns raised by SCCS. It is only our conclusion that SCCS cannot prevail upon its claim because it has not satisfied the third element of the test for prohibition. On that basis, Judge Stucki's motion to dismiss is granted.

## Conclusion

{¶21} Because SCCS can prove no set of facts that would entitle it to the relief requested, the Complaint for Writ of Prohibition and for Procedendo is dismissed. Further, all outstanding motions are denied. Costs of this action are taxed to Relator. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

DONNA J. CARR
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

DONALD J. MALARCIK and NOAH C. MUNYER, Attorneys at Law, for Relator.

KIMBERLY VANOVER RILEY and LISA M. ZARING, Attorneys at Law, for Respondent.