[Cite as *Holmes v. Summit Cty. Sheriff*, 2024-Ohio-1572.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

REGINALD DARNELL HOLMES

  Relator

  v.

SUMMIT COUNTY SHERIFF, ET AL.

  Respondents

C.A. No.    30884

ORIGINAL ACTION IN PROHIBITION

Dated:  April 24, 2024

PER CURIAM.

{¶1}    Relator, Reginald Holmes, filed a complaint seeking a writ of prohibition naming a long list of respondents:  Summit County Sheriff, Summit County Clerk of Courts, Summit County Court Chief Judge, Summit County Child Support Services, Ohio Legislative Council Staff, Ohio Governor, and Ohio Attorney General.  On the same day Mr. Holmes filed the complaint, he filed an amendment to the complaint and, the next day, a final amended complaint. The Summit County Prosecutor's Office moved to dismiss on behalf of the Summit County Respondents.  The Ohio Attorney General moved to dismiss on behalf of the Ohio Respondents. Mr. Holmes responded in opposition with a motion to grant the writ of prohibition and dismiss the motions to dismiss and an "Affidavit of Denial."  For the following reasons, we grant the motions to dismiss.

{¶2}    For this Court to issue a writ of prohibition**,** relator must establish, by clear and convincing evidence, (1) the exercise of judicial power, (2) the exercise of that power is

unauthorized by law, and (3) an injury would result from denial of the writ for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Edward Smith Corp. v. Marsh*, Slip Opinion No. 2024-Ohio-201, ¶ 6.

{¶3} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7. With this standard in mind, we consider the complaints filed by Mr. Holmes.

{¶4} Mr. Holmes filed three complaints. The first complaint initiated this case. The second complaint, filed about six hours after the first, is nearly identical to the first complaint. The second complaint adds this Court's name and address at the top, has the case number typed onto the document, has slightly different spacing, and does not have Mr. Holmes' signature or proof of service. The third complaint, filed the next day and without leave, appears to be identical to the second complaint, except that it contains Mr. Holmes' signature. Because the complaints are essentially identical, we will consider them as one.

{¶5} Civ.R. 8(A) requires that pleadings contain a short and plain statement of the claim showing that the party is entitled to relief. Mr. Holmes' complaint does not meet this requirement. For example, the complaint does not set forth facts or assertions to support the grant of a writ of prohibition. In fact, "prohibition" appears in only four places in the entire complaint: (1) the "DEMAND FOR PROHIBITION" at the top of the complaint; (2) the start of the complaint, which defines prohibition as "a prerogative writ to the judges of an inferior court commanding them to

cease prosecuting a matter before them.  3 Bl Comm 112.”; (3) the conclusion, noting that “[f]ailure to rebut this Demand/Writ of Prohibition with facts and not hearsay or partial to one party in a case, is acquiescence and acquittal to the above-mentioned case with prejudice.”; and (4) the proof of service.

{¶6}    The complaint covers six, single-spaced, pages of text.  It fails to set forth any allegations to support the grant of a writ of prohibition.  The complaint describes Mr. Holmes as “one of the People (as seen in **1802 OHIO CONSTITUTION**), and Trust Protector of the Holmes Potentia Motus Express Trust, Sui Juris, * * *.”  It asks all judicial, legislative, and executive branch officers to take notice that they have sworn an oath to protect the individual rights of the people and, therefore, they are “unable to partner with federal programs that generate wealth by taking Affiant’s offspring Reginald Darnell family of Holmes estate.”  The complaint then quotes or references various provisions of the Ohio Constitution, United States Constitution, Ohio Rules of Evidence regarding judicial notice, a Minnesota Supreme Court case, a provision of the 1935 Social Security Act, the Ohio Revised Code, and various constitutional rights (including property, confrontation, jury trial, due process, and elimination of slavery).

{¶7}    The complaint then refers to the UCC and a non-UCC lien, and requires a response within five days of the respondents or they “consent to pay $12,000 per day for every day [the respondents] shall not return the offspring or for every day [the respondents] continue the existence of Case No. 7130999720 with the Superior Court of Summitt [sic.].”  The complaint also asks respondents to take notice that Mr. Holmes is “contractually obligated to serve the Great Governor of the World” with references to the 1871 Articles of Confederation, California Evidence Code, the Bible, and various federal statutes.  After reference to several passages from the Bible, the complaint explains the numerology of the Bible in some detail.  Finally, the complaint concludes

that Mr. Holmes denies "any and all participation means of slavery or involuntary servitude of any act to surrender the lower carnal consciousness of man * * * over to any 'State of' or Federal Secretary of Health and Human Services agency(s) this day and everyday hereafter."

{¶8}    Respondents moved to dismiss.  The Summit County Respondents argued that the complaint made no allegations against any of them that would support granting a writ of prohibition.  The Ohio Respondents first noted that it was unclear who Mr. Holmes intended when he named the "Ohio Legislative Council Staff" in the complaint.  For purposes of the motion to dismiss, it assumed he intended to name the Ohio House of Representatives because that is who Mr. Holmes served with the complaint.  Mr. Holmes has not contested this, so we will likewise consider the Ohio House of Representatives to be the named party.  For their part, the Ohio Respondents also argued that the complaint made no allegations against any of them that would support granting a writ of prohibition.

{¶9}    Mr. Holmes responded in opposition.  His responses did not provide further details on the nature of his claims or allegations.

{¶10}   After a thorough review of the complaint, this Court is unable to determine what relief Mr. Holmes seeks.  It is unclear what act he wants to prohibit and what party he wants to prohibit from acting.

{¶11}   The Ohio Supreme Court recently considered a similar situation.  *Marsh*, Slip Opinion No. 2024-Ohio-201.  In that case, the First District granted respondents' motion to dismiss.  It "determined that [relator's] complaint was so incomprehensible that it failed to state a claim upon which relief could be granted."  *Id.* at ¶ 7.  Relator appealed the First District's dismissal.  The Supreme Court affirmed "on the same basis."  *Id.* citing *Guess v. Toledo Blade*

*Newspaper Co.*, 6th Dist. Lucas No. L-97-1276, 1998 WL 65500, *1 ("a complaint may be so incomprehensible as to fail to state a claim upon which relief may be granted").

{¶12} The complaint filed in *Marsh* was, according to the Supreme Court, "largely unintelligible." *Id.* Like the complaint in this case, that complaint cited to statutes from other states and a federal statute. *Id.* The Supreme Court noted that Civ.R. 8(A) requires a complaint to contain a short and plain statement of the claim and concluded that the complaint in that case "is neither short nor plain." *Id.*

{¶13} As our review of the complaint above demonstrated, the complaint in this case is also neither short nor plain. Although the *Marsh* Court was able to discern, to some extent, that the complaint attempted to raise an issue as to the jurisdiction of the common pleas court, the complaint in this case does not provide even that level of understanding as to the nature of Mr. Holmes' claim. The complaint does not allege what conduct should be prohibited. It does not allege which of the respondents should be prohibited from acting. It does not allege how any of the respondents are about to exercise judicial power.

{¶14} Viewing the allegations of the complaint in the light required by Civ.R. 12(B)(6), the complaint fails to set forth a short and plain statement of the claim showing that Mr. Holmes is entitled to a writ of prohibition. *Marsh* at ¶ 10. Accordingly, the motions to dismiss are granted.

{¶15} The complaint is dismissed. Costs of this action are taxed to Mr. Holmes.

{¶16} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JENNIFER L. HENSAL
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

REGINALD DARNELL HOLMES, Pro Se, Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondents.

DAVE YOST, Ohio Attorney General, and JAMES P. REISING and BRYAN B. LEE, Assistant Attorneys General, for Respondents.