[Cite as *Pamboukis v. Summit County Domestic Relations Court*, 2025-Ohio-157.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

KONSTANTINOS PAMBOUKIS

    Relator

    v.

SUMMIT COUNTY DOMESTIC
RELATIONS COURT

    Respondent

C.A. No.    30974

ORIGINAL ACTION IN MANDAMUS

Dated: January 22, 2025

PER CURIAM.

**{¶1}** Relator, Konstantinos Pamboukis, has filed a complaint seeking a writ of mandamus to order Respondent, Summit County Domestic Relations Court, to grant his request for public records, audio recordings of hearings in his case, pursuant to R.C. 149.43. Respondent has moved to dismiss, pursuant to Civ.R. 12(B)(6). Mr. Pamboukis replied by filing a "revised" complaint. For the following reasons, we grant the motion to dismiss.

**{¶2}** When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7. With this standard in mind, we turn to the facts of the complaint.

{¶3} The complaint alleges that Mr. Pamboukis sought audio recordings of hearings from his divorce case in the Summit County Domestic Relations Court. The complaint states that he sought the recordings from a staff member who never provided them. According to the complaint, after not being provided with the recordings, Mr. Pamboukis filed this action seeking a writ of mandamus. The complaint named the Summit County Domestic Relations Court as the only respondent.

{¶4} The Summit County Domestic Relations Court moved to dismiss. The motion asserted a number of reasons why the case must be dismissed, including that the complaint sought both prohibition and mandamus, it was not brought on relation of the state, and the court respondent was not sui juris. We focus on one argument because it is dispositive in this case.

{¶5} The Domestic Relations Court argued that a court is not sui juris and, therefore, dismissal is required. Mr. Pamboukis's "revised" complaint attempted to address some of the defects the Domestic Relations Court noted in its motion to dismiss. While the revised complaint may have addressed some of the arguments from the motion to dismiss, both the original and revised complaints named the Summit County Domestic Relations Court as the only respondent.

{¶6} The complaint sought a writ of mandamus against the Summit County Domestic Relations Court. The Ohio Supreme Court has held repeatedly that courts are not sui juris. *See, e.g., State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121 (1973); *Page v. Geauga Cnty. Prob. & Juvenile Court*, 172 Ohio St.3d 400, 2023-Ohio-2491, ¶ 3. This Court reached the same conclusion when it dismissed Mr. Pamboukis's earlier case. That case sought a writ of prohibition regarding release of the same audio recordings at issue in this case. *Pamboukis v. Summit Cnty. Domestic Relations Court*, 9th Dist. Summit No. 30865, 2023-Ohio-4507. In the earlier case, this Court concluded that "[b]ecause the court cannot be sued in its own

right, the motion to dismiss is granted as it relates to the Summit County Domestic Relations Court." *Id.* at ¶ 5. As the Ohio Supreme Court and this Court have both held, a court cannot be sued in its own right. Because the complaint named only the Summit County Domestic Relations Court as a respondent, and the Domestic Relations Court cannot be sued in its own right, this Court must grant the motion to dismiss.

**{¶7}** The case is dismissed. Costs of this action are taxed to Mr. Pamboukis. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

---

BETTY SUTTON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

KONSTANTINOS PAMBOUKIS, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondent.